## Este v. Pennsylvania Railroad Company, Appellant.

*Mechanic's lien—Statutory requirements—Notice of subcontractor—Contract—Act of June 4, 1901, P. L. 431.*

While a mechanic's lien is a purely statutory proceeding and compliance with the requirements of the statute is necessary in order to give it validity, this rule only applies to essential requirements. In determining what are such requirements it should be borne in mind that a substantial compliance with the statutory requisites is all that is called for. This rule applies to the notice required of subcontractors by the act of June 4, 1901, P. L. 431.

The exhibits and affidavit attached to a subcontractor's notice to the owner, are a part thereof, and the sufficiency of the notice is to be determined by an examination of the notice, and the exhibits and affidavits attached.

Where it appears from the notice and the exhibits and affidavits attached that the materials for which the lien was filed were sold and delivered under numerous verbal orders received by the claimant, and it also appears that the notice as a whole showed full details of the deliveries, including dates, prices, amounts and kind and description of material furnished, together with receipts from the contractors, the notice cannot be charged as an insufficient compliance with the act, because it did not set forth the contract under which the subcontractor claimed.

Argued Dec. 14, 1904. Appeal, No. 215, Oct. T., 1904, by defendant, from order of C. P. No. 3, Phila. Co., Dec. T., 1903, No. 7316, M. L. D., discharging rule to strike off mechanic's lien in case of Charles Este v. Pennsylvania Railroad Company, owner or reputed owner, and Marcus F. Seely et al., trading as Seely, Son & Company, contractors. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to strike off mechanic's lien.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*J. Quincy Hunsicker*, with him *John Hampton Barnes*, for appellant.—The claimant must bring himself within the terms of the act under which he claims : Singerly v. Cawley, 26 Pa. 248 ; Knelly v. Horwath, 208 Pa. 487 ; Goodfellow v. Manning, 148 Pa. 96 ; Groezinger v. Ostheim, 135 Pa. 604 ; Langenheim v. Anschutz-Bradberry Co., 2 Pa. Superior Ct. 285 ; Meek v. Krumrine, 24 Pa. C. C. Rep. 506 ; Noll v. Swineford, 6 Pa. 187.

The doctrine of substantial compliance, as argued by the court below in the opinion filed in this case, cannot be applied to a case like the present, where there has been a total failure to set forth the contract : Davis v. Livingston, 29 Cal. 283 ; Trammell v. Hudmon, 86 Ala. 472 (6 So. Repr. 4).

The notice was insufficient as to the contract : Howard v. Allison, 12 Pa. Dist. Rep. 117 ; McFarland v. Schultz, 168 Pa. 634 ; Wharton v. Investment Co., 180 Pa. 168 ; Gray v. Dick, 97 Pa. 142–146 ; Russell v. Bell, 44 Pa. 47 ; Lee v. Burke, 66 Pa. 336.

*Howard W. Page*, of *Page & Page*, with him *Thos. Raeburn White*, for appellee.—The notice served was a strict compliance with the act.

The notice in any case was a sufficient compliance with the act : Hausmann Bros. Mfg. Co. v. Kempfert, 93 Wis. 587 (67 N. W. Repr. 1136) ; Calhoun v. Mahon, 14 Pa. 56 ; McClinton v. Rush, 63 Pa. 203 ; Rush v. Able, 90 Pa. 153 ; Knabb's App., 10 Pa. 186 ; Wilvert v. Sunbury Boro., 81* Pa. 57 ; Scholl v. Gerhab, 93 Pa. 346 ; Garlichs v. Donnelly, 60 N. W. Repr. 323.

OPINION BY HENDERSON, J., March 14, 1905 :

The appellee was a subcontractor who furnished material to the contractors to be used in a building erected for the appellant. The claimant having filed his lien against the property, the appellant, by petition, moved the court to strike off the lien because the claimant did not give to the owner such notice of his intention to file a claim as is required by the Act of June 4, 1901, P. L. 431. It is admitted in the petition that a notice was given in the following form :

" You will please take notice that it is my intention to file a

claim against the premises owned by you, viz : grain elevator building, power house and office building, situate at the south side of Clearfield street and the east side of Park avenue, Philadelphia, Pennsylvania, for materials furnished to the credit of said building under verbal contract made with and orders issued by Seeley, Son & Company, contractors.

"The amount due is $1,054.17. The amount due, to wit : $1,054.17, and how made up and the kind of material furnished, and the date when the last materials were furnished are shown by the annexed statement marked Exhibit A. The orders, verbal, telephone and written, are shown by the annexed statement marked Exhibit B. The numbers of the receipts for the lumber delivered which are in my possession are shown in the annexed statement marked Exhibit C."

Exhibit " A " contains the following :

"PHILADELPHIA, October 5th, 1903.
" Messrs. Seeley, Son & Company,
    " 2931 N. Broad street.
"Bought of Charles Este, lumber merchant, 20th street and Glenwood avenue, above York.
    " Terms net cash.
"For grain elevator, Clearfield street and Park avenue, 1903."

After which, under date of May 9, 1903, and succeeding dates are itemized charges for material particularly described. There are also a few small charges for machine work. These entries give the date, the amount of material and the price charged, together with the number of the receipt ticket for each lot. The last charge is dated September 9, 1903. Exhibit " B " contains a statement of the orders given by the contractors to the claimant, specifying the kind and description of lumber ordered. Exhibit "C" contains the numbers of fifty-four receipts given by the contractors to the claimant for lumber delivered. These numbers correspond with the ticket numbers given in exhibit " A." Attached to the notice is the affidavit of the claimant as to the accuracy and truth of the notice and exhibits setting forth the amount due and how made up and the kind of material furnished, and the dates when the last work was done and materials furnished.

The eighth section of the act of June 4, 1901, provides that " Any subcontractor intending to file a claim must give to the owner written notice to that effect, together with a sworn statement setting forth the contract under which he claims, the amount alleged to be still due and how made up, the kind of labor or materials furnished, and the date when the last work was done or materials furnished." It is contended on behalf of the appellant that the notice given to the owner is not a sufficient compliance with the act, because it does not set forth the contract under which he claims. While a mechanic's lien is a purely statutory proceeding, and compliance with the requirements of the statute is necessary in order to give it validity, this rule only applies to essential requirements. In determining what are such requirements it should be borne in mind that a substantial compliance with the statutory requisites is all that is called for : Calhoun v. Mahon, 14 Pa. 56 ; McClintock v. Rush, 63 Pa. 203 ; Rush v. Able, 90 Pa. 153. It was stated in the former case that courts " Must not be hypercritical when scanning this species of lien and estimating its sufficiency. Such a practice must necessarily defeat a very large majority of them ; a result not to be desired where they furnish sufficient data to enable the parties subject to them, to ascertain all that is essential for them to know." This reasoning applies with equal or greater force to the notice required by the statute under consideration. The exhibits and affidavit attached to the notice are a part thereof, and the sufficiency of the notice is to be determined by an examination of it. From such examination it will appear that the material for which the lien is filed was sold and delivered under verbal orders received by the claimant; that a specific sum is due therefor, and that the claim is made up of various items particularly described as to amount, kind and quality in detail. The dates of the first and last deliveries are also set forth, together with the dates of the intermediate deliveries. This notice is very full in all of its details, except the definition of the form of contract under which the plaintiff's right arises. The act requires the claimant to set forth the contract. The claimant in his notice stated that the material was furnished under " verbal contract made with and orders issued by " the contractors. It is not technically set forth that the claimant's

cause of action arises on a quantum valebat; but an inspection of the notice shows that such was the legal situation. The liability of the contractors arose because of orders given to the claimant and accepted and executed by him. The object of the notice is to protect the owner from making payments to the contractor when his property is liable to be subjected to a lien. It should be sufficiently definite to enable the owner to ascertain the amount of the claim, its date, and the nature and amount of the labor or material out of which it arises. These requirements are met in this case. The notice gives the facts necessary to enable the owner and the contractors to identify the claim in all its particulars, and to discover that it is based upon orders of the plaintiff out of which a liability by contract arises against the contractors. It was apparently not the legislative purpose to require the same exactness of form in the notice that is required in the lien, and the notice in question meets all the substantial requirements of the statute. Regarding the exhibits as part of the notice, as should be done, the date when the last materials were furnished sufficiently appears. If we were considering the sufficiency of a lien, the dates set forth in a bill of particulars attached to a claim and made a part thereof would be a compliance with the statute : Wilvert v. Sunbury Borough 81* Pa. 57 ; Scholl v. Gerhab, 93 Pa. 346. It is argued that the statement in the notice " under verbal contract," necessarily implies a single contract. If the notice contained nothing more, this criticism might have some weight; but having regard to the information contained in the exhibits, the language there used is not inappropriate. Numerous verbal orders were given by the contractors to the claimant, and were accepted by him, and delivery was made pursuant thereto. These deliveries could with accuracy be said to be under verbal contract. We are satisfied that the learned judge of the court below reached a correct conclusion in the premises and that the judgment should be affirmed.