Tesauro, Appellant, *v.* Baird et al.

Argued September 10, 1974. Before WATKINS, P. J., JACOBS, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ. (HOFFMAN, J., absent).

*Murray H. Shusterman,* with him *Charles M. Solomon,* and *Fox, Rothschild, O'Brien & Frankel,* for appellant.

*Arthur Alan Wolk,* with him *Elliott J. Cherry,* and *Narin & Chait,* for appellees.

OPINION BY CERCONE, J., February 27, 1975:

This is an appeal from an order sustaining the appellees' preliminary objections to the appellant's mechanic's lien claim and ordering the mechanic's lien claim stricken from the mechanic's lien docket.

The appellant, as a contractor engaged by the owners, allegedly demolished a building formerly located at 1521-23 Locust Street, Philadelphia, Pennsylvania, and closed the premises, filled and graded the area, shored, underpinned, rough coated and stuccoed adjacent walls, and removed a wall and replaced substitute material, all in preparation for the contemplated construction of a new building. After completing this work the appellant filed a mechanic's lien claim with the Prothonotary of Philadelphia County and on that same day served copies of the claim on each of the appellees' duly authorized agents. The copies of the claim served upon the appellees showed the court and term, but did not show the term number or date of filing of the claim.

As a result of the omission of the number and date of filing, the appellees contend that they were not served with the proper written notice of filing of the mechanic's lien claim within one month after filing as expressly required by Section 502(a)(2) of the Mechanics' Lien

Law of 1963.[1] On this basis the appellees further contend that since they were not served notice of filing and since more than four months have elapsed since the completion of the appellant's work, the appellant's claim is barred pursuant to Section 502(a)(1) of the Mechanics' Lien Law of 1963.

Section 502 of the Mechanics' Lien Law of 1963 provides:

"a. Perfection of Lien. To perfect a lien, every claimant must:

(1) file a claim with the prothonotary as provided by this act within four (4) months after the completion of his work; and

(2) serve written notice of such filing upon the owner within one (1) month after filing, giving the court, term and number and date of filing of the claim. An affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim. . . ."

This statute is to be strictly construed, as the lower court points out: "The right to file a mechanic's lien as has been uniformly held by all courts, is of statutory origin. No such right existed at common law. It is class legislation and, therefore, must be strictly construed. If a party desires to avail himself of it, he must comply strictly with the provisions of the statute conferring the right." *Samango v. Hobbs*, 167 Pa. Superior Ct. 399, 403 (1950). Therefore the Pennsylvania courts have not hesitated to strike down a claim if the notice provisions were not met. This can be seen in *O'Kane v. Murray*, 252 Pa. 60, 97 A. 94 (1916); *Sabo v. Kurland*, 22 D. & C. 2d 221 (1960); and,

---

[1] Act of August 24, 1963, P.L. 1175, No. 497, art. I, § 101, 49 P.S. §§ 1101 to 1802.

*Tenth National Bank v. Smith Construction Co. (No. 1),*
218 Pa. 581 (1907). But our problem is different from
that found in the above cases. In this case a notice was
served (although it was admittedly defective) and in each
of the above cases no notice was served. For this reason
it cannot be summarily stated that there is no notice and
therefore no valid claim.

In viewing this problem the doctrine of substantial
compliance must be considered. Substantial compliance
has been and is an important tool in determining whether
a claim under the Mechanics' Lien Law will be valid. Justice Thomas S. BELL in *Knabb's Appeal,* 10 Pa. 186, 188
(1849) stated, "The great object of its several provisions
is notice, and it has been truly said, an observance of them
is essential to the safety of owners, purchasers, and other
lien-creditors, as furnishing some *data* by which, in case
of dispute, they may be enabled to ascertain the truth:
Noll v. Swineford, 6 Barr, 187. But all the cases agree that
a substantial compliance is sufficient, and this is shown to
exist wherever enough appears, on the face of the statement, to point the way to successful inquiry. Adherence to
the terms of the statute is indispensable, but the rule must
not be pushed into such niceties as to serve but to perplex
and embarrass a remedy intended to be simple and summary, without, in fact, adding anything to the security of
the parties having an interest in the building sought to be
encumbered. Certainty to a common intent has, therefore,
always been held to suffice."

Justice BELL spoke again of substantial compliance in
*Calhoun and Lyon v. Mahon,* 14 Pa. 56, 58-59 (1850),

"All these cases settle that a substantial compliance
with the requisites of the act of 1836, on the subject of the
claim filed, is sufficient. Certainty to a common intent is
all that is called for, and this is satisfied if those interested may ascertain the period during which the delivery
of the materials was effected, or the work was done, so as
to individuate the transaction.

"It has been more than once said, we must not be hypercritical, when scanning this species of lien, and estimating its sufficiency. Such a practice must necessarily defeat a very large majority of them; a result not to be desired where they furnish sufficient *data* to enable the parties subject to them, to ascertain all that is essential for them to know."

Justice BELL's opinions illustrate that the statute must be strictly construed to provide the necessary notice but they also illustrate that the Mechanics' Lien Law is "a remedy intended to be simple and summary." This approach to the Mechanics' Lien Law can also be seen in Justice SHARWOOD's opinion in *McClintock v. Rush*, 63 Pa. 203, 205 (1869): "The act evidently contemplated that the claimants should prepare their own papers, and unless 'the claim or statement of demand,' as it is termed, is totally defective in giving information to purchasers and others making search for encumbrances, such as will direct them to the right place, the question as one of fact will be referred to the decision of the jury on the trial of the scire facias."

The doctrine of substantial compliance continued to be used by the Pennsylvania courts when determining the validity of claims under the various Mechanics' Lien Laws. See *Este v. Pennsylvania R.R. Co.*, 27 Pa. Superior Ct. 521 (1905); *American Car & Foundry Co. v. Alexandria Water Co.*, 215 Pa. 520 (1906); *Mullooly v. Short*, 365 Pa. 141 (1950); *Intercoastal Lumber Distributors, Inc. v. Derian*, 117 Pa. Superior Ct. 246 (1935); *Moss & Blakeley Plumbing Co. v. Schauer*, 150 Pa. Superior Ct. 318 (1942); *Russell M. Howe, Inc. v. Beloff*, 162 Pa. Superior Ct. 33 (1948); *Marchak v. McClure*, 176 Pa. Superior Ct. 381 (1954); *Giansante v. Pascuzzo*, 34 D. & C. 2d 554 (1964), where we affirmed per curiam on the opinion of the court below

at 205 Pa. Superior Ct. 28, 206 A. 2d 340 (1965);
and *A. L. Wiesenberger Associates v. Jarpenn Company,*
57 D. & C. 2d 147, 34 Leh. L.V. 483 (1972).

In the cases dealing with substantial compliance re-
ferred to thus far it has been the descriptions of mate-
rial, labor, or terms of the contract contained in the
claim filed in the Prothonotary's office which were
questioned. There are few cases which deal with the
content of the notices and more specifically with the
omission from such notices of the case number and fil-
ing date of the lien. One is a lower court case, *Emrick
v. Beechview-Mt. Lebanon Transfer Co.,* 17 Pa. Dist.
R. 426, 55 P. L. J. 235 (C.P. Alleg. 1908) in which
the lower court adopted language set forth in the opin-
ion of this court in the case of *Este v. Pennsylvania
R. R. Co.,* supra. In *Emrick,* the defendants claimed
that the notice required by the Mechanics' Lien Act
of 1901 was insufficient because it did not set forth
the number of the term at which the lien was filed and
it also failed to state the day upon which it was filed.
In all other respects the notice met the requirement of
the act. In response to the defendant's contention the
lower court stated:

"In the case of notice required by the act the same
precision, however, is not required as in the lien. This
motion, it seems to us, is ruled by Este v. R.R. Co., 27
Superior Ct. 525. In that case as in this the question
involved was the sufficiency of the notice given by the
contractor to the owner, and the court said:

'The object of the notice is to protect the owner from
making payments to the contractor when his property
is liable to be subjected to a lien. It should be suffi-
ciently definite to enable the owner to ascertain the
amount of the lien claimed, its date and the nature
and the amount of the labor and material out of which
it arises. These requirements are met in this case. The

notice gives the facts necessary to enable the owner and the contractors to identify the claim in all its particulars, and to discover that it is based upon orders of the plaintiff out of which a liability by contract arises against the contractors. It was apparently not the legislative purpose to require the same exactness of form in the notice that is required in the lien, and the notice in question meets all the substantial requirements of the statute.'

The notice in this case, we think, meets all the substantial requirements of the act and is therefore sufficient, at least to prevent this rule from being made absolute."

A more recent lower court case which involves the omission from the notice of the date on which the lien was filed is *Jan-Lee Corp. v. Thompson Realty Co.,* 3 D. & C. 2d 457 (C.P. Phila. 1954). This was not the major issue of the *Jan-Lee* case but the court there did clearly speak on the omission, and in doing so also referred to the *Este* case, supra, stating: "An additional assertion by defendant to the effect that the notice served on defendant . . . was defective because it failed to set forth the exact date on which the lien was filed is without merit and will not be considered further." See *Este v. Pa. R.R. Co.,* 27 Pa. Superior Ct. 521, 524 (1905); *Emrick v. Beechview,* 17 Pa. Dist. R. 426 (1908).

The appellees contend that the above lower court cases are inapplicable because they are based on statutory language which has been changed by Section 502 of the Mechanics' Lien Act of 1963. The prior law was found in Section 21 of the Mechanics' Lien Law of 1901. The language of that section was as follows: "Within one month after the filing of the claim, the claimant *shall* serve a notice upon the owner of the fact of the filing of the claim, giving the court,

term and number and the date of filing thereof, and shall file of record in said proceedings an affidavit, setting forth the fact and manner of such service. A failure to serve such notice and file an affidavit thereof within the time specified, shall be sufficient ground for striking off the claim." (Emphasis supplied). A comparison of this language with the language in the 1963 Act, supra, shows that the word "shall" was changed to "must." The appellees argue that this change makes the prior cases inapplicable, and it also shows legislative intent to make strict compliance with the new statute mandatory. It seems that appellees' reasoning is that the term "shall" in the 1901 Act was directory and the term "must" in the 1963 Act is mandatory. But, this is not the case. "Shall" in the 1901 Act was also mandatory. *O'Kane v. Murray,* supra, *Sabo v. Kurland,* supra, and *Tenth National Bank v. Smith Construction Co. (No. 1),* supra, interpreted the provisions of the Act of 1901 as mandatory in holding that under the 1901 Act if the notice provisions were not met the claim would be stricken. Because the "shall" in the 1901 Act was mandatory as is the "must" in the 1963 Act, the arguments based on the change of words are without merit and the prior cases are still of value in construing the 1963 Act. Furthermore, if the appellee's arguments were to be accepted, this would result in the elimination of the doctrine of substantial compliance under Section 502 on the basis of an inference drawn from the mere change of the word "shall" to "must." This unexplained change of words does not show sufficient legislative intent to do away with such a well-established doctrine, particularly when "shall" and "must" have both been construed to be mandatory in nature.[2] If the legislature had intended to abolish the

---

[2] A thorough search of possible sources of legislative history revealed no hint as to why the word "shall" was changed to "must."

doctrine under Section 502 of the Mechanics' Lien Law it should have done so by stating, directly and specifically, that the doctrine of substantial compliance will no longer be available to correct inadvertent errors or omissions in form.

Accordingly, while notice requirements under the Mechanics' Lien Law will be strictly construed to the extent that if no notice is given the lien will be stricken, there is no doubt that the doctrine of substantial compliance will temper this strict construction as to the *form* of the notice. For this reason we hold that the lower court erred in sustaining the preliminary objections of the appellants to appellee's mechanic's lien claim and in ordering the mechanic's lien claim stricken from the mechanic's lien docket. Moreover, the appellees were not prejudiced by the appellant's defective notice. The information contained in the copies of the claim served on the appellees gave sufficient notice of the nature and the purpose of the claim against the appellees' property. The identity of the court and its term and year were set forth in the claim served on the appellees. This information was sufficient "to point the way to successful inquiry." When considering that a proper notice of intention to file the claim was served on the appellees, that a proper claim was filed, that copies of the claim were served on the appellees, and that an affidavit that notice had been served was filed, we are of the opinion that the appellant substantially complied with the Mechanics' Lien Law.

The order of the lower court striking appellant's mechanic's lien is vacated, and the case is remanded for further proceedings consistent with this order.

HOFFMAN, J., did not participate in the consideration or decision of this case.