## G. R. Frank & Sons, Inc. v. Kutner

*Allan K. Grim, Jr.,* for plaintiff.
*Paul R. Rosen,* for defendant.

BECKERT, *J.,* October 17, 1975—The present matter is before us on defendant's preliminary objections to a mechanic's lien claim filed by plaintiff to recover money purportedly due to plaintiff for its installation of an outdoor tennis court on premises owned by defendant. While the preliminary objections are three in number, the first raised we find to be dispositive of the matter and, therefore, need not touch on the remaining two.

The issue presented to us by the preliminary objection is: Does the installation of an outdoor tennis court fall within the scope of Mechanics' Lien Law of 1963, Act of August 24, 1963, P. L. 1175 (No. 497), art. I, sec. 101, et seq. 49 P.S. §1101?

We are all familiar with the proposition that mechanics' liens are available only when provided by statute. While at first impression the case of Tesauro v. Baird, 232 Pa. Superior Ct. 185, 335 A.2d 792 (1975), may seem to be to the contrary; however, that case dealt with a liberal construction of procedural requirement rather than a substantive requirement as in the instant case. Under the present statute, the mere expenditure of work and material upon land confers no right to a mechanic's lien. The current Mechanics' Lien Law of 1963 provides for a lien for labor and materials on the improvement when furnished ". . .in the erection or construction, or the alteration or repair of the improvement": Section 301, 49 P.S. §1301. The key words in the above, namely, "improvement," "erection," "construction," "alterations or repairs," are defined in section 201, 49 P.S. §1201 as follows:

"(1) 'Improvement' includes any *building, structure* or other improvement of whatsoever kind or character *erected or constructed* on land, together

with the fixtures and other personal property used in fitting up and equipping the same for the purpose for which it is intended.

"...

"(10) 'Erection and construction' means the erection and construction of a *new improvement* or of a substantial addition to an *existing improvement* or any adaptation of an existing improvement rendering the same fit for a new or distinct use and effecting a material change in the interior or exterior thereof.

"(12) 'Erection, construction, alteration or repair' includes:

"(a) Demolition, removal or improvements, *excavation, grading, filling,* paving and landscaping, when such work is *incidental to the erection, construction, alteration or repair; ...*" (Emphasis supplied.) Therefore, it would appear that the presence of a structure is required and that section 1201(12) would only be applicable if the work was done incidental to "the improvement," that is, the building or structure.

We find this position bolstered by the relatively recent case of Sampson-Miller Associated Companies, Inc. v. Landmark Realty Company, 224 Pa. Superior Ct. 25, 303 A.2d 43 (1973). Therein, the claimant was attempting to obtain a lien for work performed on vacant land consisting of clearing, grading and excavating, installation of sewers, paving, curbing and seeding. There were no buildings erected on the parcel of land where the work was performed. The lower court held the " 'mechanics' lien cannot attach to land; there must be a building or part of a building of some type of structure upon which a lien may attach . . .' " The Superior Court in affirming pointed

out that not every permanent addition to real property, even if that addition enhances its value, constitutes an "improvement" within the meaning ascribing to that term by the act. To the contrary, given heed to the need to strictly construe a statute creating liens, the Superior Court concluded that, under the Mechanics' Lien Law of 1963, a mechanics' lien could not attach to land for work unconnected to construction of a building.

This holding we find to be consistent with the decisions in Schwartz and Baker v. Racing, Inc., 25 Monroe 125 (1967), where the court struck off a mechanic's lien for grading a racetrack and installing a drainpipe, and Northwood Nurseries v. Timber Hill, Inc., 66 D. & C. 2d 314 (1974), where the court refused the right to lien for a claim of seeding and mulching a ski slope where no averment was made that this work was done incidental to any building construction or alteration.

Finally, it should be further noted that the comment of the Joint State Government Commission following section 1201 clearly states that the phrase "structure or improvement of whatsoever kind or character" was not intended to enlarge the right to lien which existed under prior law.

For cases under prior law consistent with this holding, see Parkhill v. Hendricks, 53 Pa. Superior Ct. 9 (1913); Hamme v. Lockamy, 34 D. & C. 2d 462 (1964).

Accordingly, the instant claim for the installation of an outdoor tennis court must be stricken off for the reason that no structural connection with the erection or construction of any building or structure has been demonstrated, and we, therefore, enter the following:

## ORDER

And now, October 17, 1975, defendant's preliminary objection to the mechanic's lien claim of G.R. Frank and Sons, Inc. is hereby sustained, the action is dismissed and the mechanic's lien stricken.