# Liebow v. Eagle Downs Racing Association

*Michael J. Rutenberg,* for plaintiff.
*Harry L. Rasse,* for defendants.

BODLEY, *J.,* June 2, 1976—This court sustained defendants' preliminary objections to claimant's mechanic's lien claim and struck the same from the record for lack of conformity with the Mechanics' Lien Law of August 24, 1963, P.L. 1175 (No. 497), as amended, 49 P.S. §1101, et seq. Claimant has appealed to the Superior Court.

The mechanic's lien claim cites an employment contract between defendants and claimant under which claimant was engaged as defendants' "production manager" and "construction representative" in connection with the construction of defendants' new racing facility. It recites that claimant entered upon his duties on February 7, 1973, and was discharged, without cause, on July 30, 1974. Reciting what is purported to be a letter-agreement, referred to as "Exhibit B" in the complaint (although the same is not attached thereto), claimant alleges that his contract of employment was not to have expired until February 5, 1975. He thereupon seeks recovery of unpaid salary claimed to be due from the date of his discharge, July 30,

1974, to February 5, 1975, as well as compensation for anticipated overtime work on an hourly basis.

Defendants filed preliminary objections which urged that since claimant is neither a "contractor" nor a "subcontractor," he has no cognizable claim under the Mechanics' Lien Law of August 24, 1963, P.L. 1175 (No. 497), as amended, 49 P.S. §§1101, et seq. We agree.

A most cursory examination of the mechanic's lien claim reveals that claimant is an acknowledged former employe of defendants who seeks recovery of alleged unpaid wages and other compensation due him under a contract of employment. Claimant acknowledges his status as employe. In paragraph three he states: "defendants in writing *employed* the aforesaid plaintiff. . . ." Again he states: ". . . the aforesaid defendants . . . *discharged* the said plaintiff *from their employ* . . .", and ". . . the *employment* of said plaintiff by defendants. . . ." Finally, in paragraph seven, claimant refers to the amount as being ". . . the balance due on said contract *of employment*. . . ."

The right to file a mechanic's lien is of statutory origin and is in the nature of class legislation. Hence, strict compliance with the statute is required: Tesauro v. Baird, 232 Pa. Superior Ct. 185, 335 A. 2d 792 (1975); John A. O'Connor Co., Inc. v. Hansen, 18 Bucks 626 (1968), 48 D. & C. 2d 398 (1969). For this reason, also, the statute must be subjected to strict construction by the courts: Sampson-Miller Associated Companies, Inc. v. Landmark Realty Co., 224 Pa. Superior Ct. 25, 303 A. 2d 43 (1973).

The Mechanics' Lien Law is clear and precise. It provides that:

"No lien shall be allowed in favor of any person

other than a contractor or subcontractor, as defined herein, even though such person furnishes labor or materials to an improvement.": 49 P.S. §1303(a).

The terms "contractor" and "subcontractor" are carefully defined in section 201 of the act: 49 P.S. §1201(4), (5). Neither definition includes either expressly or by necessary inference the term "employe."

It has previously been held under the prior law, involving almost identical language, Act of June 4, 1901, P.L. 431, as amended, that a lien may not be filed by an employe: Mohler v. Johnston, 63 York 115 (1949). The question, regardless of labels given, is whether a claimant is an independent contractor of the class whose interests are sought to be protected by the Mechanics' Lien Law, or one who is a mere servant: Smith-Faris Co. v. Jameson Memorial Hospital Assn., 313 Pa. 254, 169 Atl. 233 (1933).

When called upon to respond to defendants' preliminary objections, claimant grasped tenuously to the words to be found in the mechanic's lien claim describing him "as a supervisor in the construction of a new racing facility. . . ." Most certainly, under the definition of "contractor" is included one who furnishes "superintendence" to the erection, construction, alteration or repairs in question. But merely because an employe is charged by his employer with duties of superintendence, he cannot lay claim to the status of "contractor," nor, quite obviously, to that of "subcontractor." Nowhere in the claim does claimant assume either of these appellations. Rather, he quite honestly pretends to no more than the status of "employe." As such, his action should be brought in assumpsit.

Since under the Mechanics' Lien Law prelimi-

nary objections may be made to a claim ". . . upon a showing of . . . lack of conformity with this act . . .", 49 P.S. §1505, we find them to be most appropriate where claimant fails to meet the basic criteria of all who would file a claim; namely, the status of contractor or subcontractor. Inasmuch as the defect is not of a nature which might be cured by amendment, the lien was stricken without leave to amend.