## Seese v. Hoza

*David A. Gniewck,* for plaintiff.
*Randolph T. Borden,* for defendant.

THOMSON, *P.J.,* September 23, 1982 — Frank J. Hoza and Patricia A. Hoza (defendants) have filed preliminary objections in response to Jerry W. Seese's (plaintiff) complaint and mechanic's lien claim. The facts in question are generally undisputed by the parties. Plaintiff has alleged that between May 26, 1981, and June 30, 1981, he furnished work and materials for defendants' home. As a result of this labor, plaintiff claims that he is owed $4,778.54 and that this amount has not been paid.

On August 19, 1981, plaintiff filed a mechanic's lien claim. A copy of the claim and the following notice to defend was served upon defendants:

### "NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within 20 days *after this complaint and notice are served,* by entering into a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the compaint or for any other claim or relief requested by plaintiff. You may lose money or property or other rights important to you." (Emphasis supplied.)

On October 7, 1981, plaintiff filed a complaint against defendants and incorporated the mechanic's lien claim. Plaintiff then filed notice of intent to file default judgment on November 24, 1981. Defendants' counsel was granted an extension of time to file a responsive pleading and eventually filed his preliminary objections on January 21, 1982. The relief defendant is seeking rests on the issue of whether plaintiff has sufficiently fulfilled the requirements of 49 P.S. §1502(a).

The relevant statutory language is:

"(a) Perfection of Lien. To perfect a lien, every claimant must:

(1) File a claim with the prothonotary as provided by this act within four months after the completion of his work; and

(2) Serve written notice of such filing upon the owner within one (1) month after filing giving the

Court Term and number and date of filing of the claim. An affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. Failure to serve such Notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim."

Defendants' basic argument is that plaintiff's notice to defend, filed on August 19, 1981, failed to strictly comply with section 1502(a). The basis of their argument is that the language of the notice to defend is not specifically geared for section 1502(a), as if counsel for plaintiff used the wrong form. Most noticeably, the notice to defend refers to the enclosed mechanic's lien claim as a complaint. Defendants urge that such lack of strict compliance with the requirements of the statute is grounds for striking or dismissing the mechanic's lien. Giansante v. Pascuzzo, 205 Pa. Super. 28, 206 A.2d 340 (1965).

This line of argument by defendants, however, completely ignores the applicable doctrine of substantial compliance. The leading case applying this doctrine to section 1502(a) is Tesauro v. Baird, 232 Pa. Super 195, 335 A.2d 792 (1975). The Tesauro court held:

"Accordingly, while notice requirements under the mechanics' lien law will be strictly construed to the extent that if no notice is given the lien will be stricken, there is no doubt that the doctrine of substantial compliance will temper this strict construction as to the form of the notice . . . the information contained in the copies of the claim served on the appellees gave sufficient notice of the nature and the purpose of the claim against the appellees' property. The identity of the court and its term and year

were set forth in the claim served on the appellees. This information was sufficient *to point the way to successful inquiry."*

In this case, the notice to defend was served simultaneously with the mechanic's lien claim. While the terminology on the notice to defend could perhaps be accused of being slightly confusing in light of section 1502, service of a copy of the mechanic's lien claim certainly supplied all of the relevant information to defendants. It contained information as to the nature and purpose of the claim, the identity of the court, the term and the year. We, therefore, hold that the notice requirements of section 1502(a) were substantially complied with and that the defendants received adequate notice.

### ORDER

And now, this September 23, 1982, defendants' preliminary objections are hereby denied for the reasons set forth herein.