**L&W Supply Corp. v. Amin**

294

C.P. of Monroe County, no. 4733 CV 2010.

*Larry L. Miller,* for plaintiff.
*Lisa A. Dougherty,* for defendant.

ZULICK, *J.,* November 16, 2010—This case arises from a commercial construction project ("project") at 7191 State Route 611, Stroud Township, Monroe County, Pennsylvania 18360. Dr. Atul K. Amin, M.D. ("Dr. Amin") entered into a construction agreement with CMG of Easton, Inc. ("CMG") for CMG to act as general contractor for the project. CMG then allegedly contracted with Vegas East Construction, LLC ("Vegas") to install drywall at the project as a subcontractor. Petitioner L&W Supply Corporation ("L&W") alleges that it supplied drywall and other building materials to the project on December 17, 2009, pursuant to an agreement with

Vegas.

L&W complains that it has not received payment from Vegas for the materials L&W supplied to the project. L&W served Dr. Amin with notice of its intention to file a mechanics' lien by first class and certified mail on April 8, 2010. Notice was delivered to Dr. Amin on April 12, 2010. L&W filed a mechanics' lien claim against Dr. Amin on May 21, 2010 but failed to include in its claim the date of service on Dr. Amin. Dr. Amin filed preliminary objections on September 22, 2010 to which L&W responded with an answer and petition for leave to amend its mechanics' lien claim on October 6, 2010. Both parties submitted briefs. On October 7, 2010 I ordered Dr. Amin to show cause why L&W's petition should not be granted, returnable for answer on or before October 27, 2010. Dr. Amin filed an answer to the petition on October 27, 2010 and the matter was argued on November 1, 2010.

## DISCUSSION

In considering preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). Facts appearing in documents appended to and made a part of the complaint may be considered by the court in determining the sufficiency of the complaint or claim. *Pleet v. Valley Greene Associates*, 538 A.2d 567, 569 (Pa. Super. 1988). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion."

*Penn Title Ins. Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Cmwlth. 1995). The "lower court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement." *United Refrigerator Co. v. Applebaum*, 410 Pa. 210, 213, 189 A.2d 253, 255 (Pa. 1963). Preliminary objections in the nature of demurrers should be sustained where facts averred in a pleading are clearly insufficient to establish the pleader's right to relief. See *HCB Contractors v. Liberty Place Hotel Associates*, 539 Pa. 395, 397, 652 A.2d 1278, 1279 (Pa. 1995).

The plaintiff must state the material facts of a complaint "in a concise and summary form." Pa.R.C.P. 1019(a). The allegations "must apprise the defendant of the claim being asserted and summarize the essential facts to support the claim." *Estate of Swift v. Ne. Hosp. of Philadelphia*, 690 A.3d 719 (Pa. Super. 1996), appeal denied, 701 A.2d 557 (Pa. 1997). Finally, "[i]f an issue of fact is raised, the court shall consider evidence by depositions or otherwise." Pa.R.C.P. 1028(c)(2).

Dr. Amin filed two preliminary objections to strike and dismiss L&W's claim for failure to comply with the Mechanic's Lien Law, 49 P.S. §§ 1501(b.1) (requiring service of formal notice of intention to file mechanics' lien claim at least 30 days prior to filing the claim) and 1503(4) (requiring within claim inclusion of the date on which formal notice was given). Dr. Amin also filed a demurrer pursuant to Pa.R.C.P. 1028(a)(4).

### I. Failure to Comply With Notice Requirements (Preliminary Objections I and II)

Title 49 of the Pennsylvania Code governs mechanics' liens. Section 1503(4) of Title 49 provides that a subcontractor must state in its claim, inter alia, the date on which formal notice of its intention to file a claim was given. The Mechanics' Lien Law defines "subcontractor" as:

> ...one who, by contract with the contractor, or pursuant to a contract with a subcontractor in direct privity of a contract with a contractor, express or implied, erects, constructs, alters or repairs an improvement or any part thereof; or furnishes labor, skill or superintendence thereto; or supplies or hauls materials, fixtures, machinery or equipment reasonably necessary for and actually used therein; or any or all of the foregoing, whether as superintendent, builder or materialman. The term does not include an architect or engineer who contracts with a contractor or subcontractor, or a person who contracts with a materialman or a person who contracts with a subcontractor not in direct privity of a contract with a contractor. 49 P.S. § 1201(5).

Section 1501(b.1) of Title 49 requires a subcontractor to provide formal notice of its intention to file a claim at least thirty days prior to filing the claim. The courts have consistently held that strict compliance with the Mechanics' Lien Law is necessary in order to effect a valid claim. *Castle Pre-Cast Superior Walls of Delaware, Inc. v. Strauss-Hammer*, 610 A.2d 503, 504 (Pa. Super. 1992); *Flick Const, Inc. v. Dyke*, 584 A.2d 1033, 1034 (Pa. Super. 1991); *Giansante v. Pascuzzo*, 206 A.2d 340, 342 (Pa.Super. 1965). "Service requirements under

Pennsylvania's Mechanics' Lien law are strictly construed such that a complaint will be stricken if the statutory service requirements are not met...."

However, "while notice requirements under the Mechanics' Lien Law will be strictly construed to the extent that if no notice is given the lien will be stricken, the doctrine of substantial compliance will temper this strict construction as to the Form of the notice." *Tesauro v. Baird*, 335 A.2d 792, 796 (Pa. Super. 1975). Substantial compliance is found

> wherever enough appears on the face of the statement, to point the way to successful inquiry. Adherence with the terms of the statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary... Certainty to a common intent has, therefore, always been held to suffice.

*Am. Car & Foundry Co. v. Alexandria Water Co.*, 64 A. 683, 686 (Pa. 1906). Certainty to a common intent "is satisfied if those interested may ascertain the period during which delivery of the materials was effected, or the work was done, so as to individuate the transaction." *Regency Investments, Inc. v. Inlander, Ltd.*, 855 A.2d 75, 77 note 1 (Pa. Super. 2004) (citing *Calhoun and Lyon v. Mahon*, 14 Pa. 56, 58 (1850)).

In *Zeigler Lumber and Supply Co. v. Golden Triangle Dev. Co.*, 326 A.2d 524 (Pa. Super. 1974), a plaintiff filed a mechanics' lien claim just 21 days after the date it alleged it had given notice to the defendant. The court held that while the claim failed to comply with the statute, the trial

court abused its discretion in not allowing the plaintiff to amend its claim. The court reasoned that Section 504 of the Mechanics' Lien Law of 1963 (49 P.S. § 1504), on amendment of claims, did not preclude an attempt to aver an earlier date when notice of its intention to file a claim was actually given to the defendant. *Id.* at 525.

The facts of this case and those of *Zeigler* are analogous. Where the plaintiff in *Zeigler* petitioned the court to amend its claim to in order to aver an earlier, compliant date, L&W petitions this court in order to aver a date it originally omitted — mistakenly — from the claim. Like *Zeigler*, L&W seeks to cure what is a minor defect in its claim. 49 P.S. § 1504 provides:

A claim may be amended from time to time without prejudice to intervening rights by agreement of the parties or by leave of court, except that no amendment shall be permitted after the time for filing a claim has expired which undertakes to:

(1) substitute a different property than that described in the claim; or

(2) substitute a different party with whom the claimant contracted; or

(3) increase the aggregate amount of the claim.

Here, L&W does not seek to change the parties or property or change the amount of the claim. Instead, it seeks only to aver a date of notice it neglected to include in the earlier claim, a change to only the form of the complaint. This in no way prejudices Dr. Amin.

## II. Demurrer

Dr. Amin has filed a demurrer to the complaint, contending that Vegas' waivers of liens bar L&W's claim. Waivers of lien in non-residential construction are addressed in the Mechanic's Lien Law, 49 P.S. § 1401(b), which provides in part:

(b) Nonresidential Buildings.

(2) Except as provided in subsection (a) [omitted], a waiver by a subcontractor of lien rights is against public policy, unlawful and void, unless given in consideration for payment for the work, services, materials or equipment provided and only to the extent that such payment is actually received, or unless the contractor has posted a bond guaranteeing payment for labor and materials provided by subcontractors.

Here, Vegas entered into two "Partial Subcontractor Lien Waivers and Release[s]" with Dr. Amin on April 8, 2010, and May 20, 2010, respectively. See preliminary objections, Exhibit 4. Dr. Amin argues that Vegas' partial waivers operate to waive L&W's rights under the contract as well.

This conclusion is incorrect. Vegas' actions, as a subcontractor, were not binding on L&W because Vegas did not have authority to sign a lien waiver covering its supplier. See 49 P.S. § 1402(a). Instead, each individual subcontractor must sign a release in exchange for payment. See 49 P.S. § 1401(b)(2). Even if the partial waivers had been signed by the general contractor, CMG, they would only defeat L&W's claim if properly indexed. 49 P.S. §

1402(b).

## CONCLUSION

L&W asserts an actionable claim. Furthermore, allowing L&W to amend its mechanics' lien claim despite the error related to date of notice contained in the claim does not prejudice Dr. Amin. Accordingly, I will grant L&W leave to amend its claim.

## ORDER

And now, November 16, 2010, upon consideration of plaintiff's petition and the parties' arguments, it is hereby ordered as follows:

1. Plaintiff's petition for leave to amend mechanics' lien claim is granted.

2. Plaintiff may file an amended claim within twenty (20) days to address the issues raised by defendant's preliminary objections.

3. Defendant's preliminary objections are denied.