J-A03005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RUSSELL BERTINO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MICHELLE CLARK DOUGHERTY | : | |
| | : | |
| Appellee | : | No. 2150 EDA 2016 |

Appeal from the Order June 22, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 01793 Feb. Term, 2016

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                    Filed July 20, 2018

Appellant, Russell Bertino, appeals from the order entered in the Philadelphia County Court of Common Pleas, which sustained the preliminary objections of Appellee, Michelle Clark Dougherty, and dismissed Appellant's complaint in this Mechanics' Lien enforcement action.  We affirm.

The trial court fully and correctly sets forth the relevant facts and procedural history.  Therefore, we have no need to restate them.

Appellant raises the following issues for our review:

> DID [APPELLEE]'S PAYMENT OF $61,000 INTO COURT AND DISCHARGE OF [THE] MECHANICS' LIEN ON JANUARY 29, 2016, PURSUANT TO 49 P.S. [§] 1510 RESULT IN THE WAIVER OF THE RIGHT TO FILE PRELIMINARY OBJECTIONS TO [APPELLANT]'S COMPLAINT ON APRIL 22, 2016 FOR IMPROPER SERVICE?
>
> DID [APPELLEE], BY [HER] ATTORNEYS, WAIVE SERVICE OF [APPELLANT'S] MECHANICS' LIEN CLAIM BY ITS ACTIVE PARTICIPATION IN THIS CASE?

_____
*   Retired Senior Judge assigned to the Superior Court.

DID THE COURT ERR IN [SUSTAINING] [APPELLEE'S] PRELIMINARY OBJECTIONS DISMISSING [APPELLANT]'S COMPLAINT WHERE AN AFFIDAVIT OF SERVICE WAS FILED ON JANUARY 26, 2016, WITHIN 50 DAYS AFTER FILING OF THE MECHANICS' LIEN AND WHERE [APPELLEE] HAD RECEIVED USPS NOTICE ON JANUARY 22, 2016?

DID THE COURT ERR IN FINDING THAT [APPELLANT]'S AFFIDAVIT OF SERVICE ON JANUARY 26, 2016, DATED DECEMBER 22, 2015, WAS UNTIMELY REGARDING SERVICE ATTEMPTS BY MAIL PURSUANT TO PA.R.C.P. 403, *ET SEQ.*, AND 404?

DID [APPELLANT] SUBSTANTIALLY COMPLY WITH 49 P.S. [§] 1502 AND PA.R.C.P. 404, WHERE THESE PROVISIONS ARE INCONSISTENT WITH EACH OTHER AND [APPELLEE] RECEIVED ACTUAL NOTICE AND ACTIVELY PARTICIPATED IN THE CLAIM?

(Appellant's Brief at 6-7).[1]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Abbe F. Fletman, we conclude Appellant's issues merit no relief. The trial court fully discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed July 31, 2017, at 1-7) (finding: **(issues 2-4)** Appellant's December 2015 attempts at service of notice of mechanics' lien initially *via*

---

[1] "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Also, issues not raised in a Rule 1925 concise statement of errors will be deemed waived. **Linde v. Linde Enterprises, Inc.**, 118 A.3d 422, 430 (Pa.Super. 2015), *appeal denied*, 634 Pa. 736, 129 A.3d 1243 (2015). Here, Appellant raises for the first time on appeal his claim that 49 P.S. § 1502 and Pa.R.C.P. 404 are in conflict. Therefore, to the extent Appellant raises this issue on appeal, it is waived. **See** Pa.R.A.P. 302(a); **Linde, supra**.

regular mail and then *via* certified mail, return receipt requested, respectively, were insufficient; certified mail to Appellee was returned "unclaimed"; Appellant's initial attempt at service *via* regular mail was improper under Pa.R.C.P. 403; Appellant also could not alternatively serve Appellee *via* regular mail, because Pa.R.C.P. 403 permits service *via* regular mail only after service was attempted *via* certified mail and is returned as "refused," not as "unclaimed"; further, Appellant filed his January 26, 2016 affidavit of service more than 20 days after his December 2015 service attempts, in violation of Mechanics' Lien Law, 49 P.S. § 1502(a)(1); **(issue 5)** doctrine of substantial compliance in mechanics' lien cases applies only where notice of mechanics' lien was properly served; Appellant's service of notice of mechanics' lien upon Appellee was untimely and technically deficient; even if court had applied doctrine of substantial compliance, there is no evidence Appellee received notice of mechanics' lien; **(issue 1)** trial court lacked jurisdiction, because Appellant failed to effectuate proper service on Appellee of notice of mechanics' lien; that Appellee eventually became aware of lien does not negate Appellant's failure to effectuate proper service of lien).  The record supports the trial court's decision.  Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2018

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY FIRST JUDICIAL
DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

BERTINO

      V.

CLARK-DOUGHERTY

:
:
:
:
:
:
:
:

FEBRUARY TERM, 2016
NO. 01793

2150 EDA 2016

## OPINION

This appeal arises from an order this Court entered on June 20, 2016, sustaining the preliminary objections of defendant Michelle Clark-Dougherty to plaintiff Russel Bertino's complaint to enforce a mechanics' lien and striking the mechanics' lien claim in its entirety. Mr. Bertino filed a timely appeal to the Superior Court on July 7, 2016, arguing that this Court committed an error of law and/or abused its discretion in sustaining Ms. Clark-Dougherty's preliminary objections. The Court committed no error nor abused its discretion in entering its June 20, 2016 order, and respectfully requests that the Superior Court affirm its decision for the reasons set forth in this opinion.

## FACTS

On February 11, 2016, Mr. Bertino filed the underlying complaint (the "Complaint"), seeking to enforce a mechanics' lien on property located at 219 Moore Street, Philadelphia, PA 19148 ("the Property"). Complaint at ¶ 4. Mr. Bertino alleged that Ms. Clark-Dougherty, the owner of the Property, hired him to conduct renovations. *Id.* at ¶ 3-5. Ms. Clark-Dougherty was allegedly to pay Mr. Bertino "for general contractor services as well as time and material furnished by him and his subcontractors plus 2% of profits from the sale of the property when sold due at the time of settlement." *Id.* at ¶ 6.

Bertino Vs Clark-Dougherty-OPFLD



1602017930003036

Mr. Bertino alleged that starting on December 5, 2014, he began work on the Property and stopped on July 3, 2015. *Id.* at ¶ 8-9. Mr. Bertino claims that Ms. Clark-Dougherty initially paid Mr. Bertino through PayPal but subsequently filed claims disputing the costs and withdrawing all payments. *Id.* at ¶ 10. Mr. Bertino claims that Ms. Clark-Dougherty still owes him payments for his materials and services. *Id.* Mr. Bertino further alleges that Ms. Clark-Dougherty entered into an agreement for sale of the Property with settlement set for December 17, 2015. *Id.* at ¶ 11.

Mr. Bertino filed a mechanics' lien[1] against the Property on December 16, 2015, after sending notice of his intent to file the lien on the same day. *Id.* at ¶ 12-13. On January 26, 2016, Mr. Bertino filed an affidavit of service in the mechanics' lien matter, swearing that Ms. Clark-Dougherty was served at a California address by regular mail on December 18, 2015, and by certified mail, return receipt requested on December 21, 2015. *See* Affidavit of Service dated January 26, 2016, *Bertino v. Clark-Dougherty,* December Term, 2015, No. M0004. The affidavit was signed on December 22, 2015. *Id.* On February 8, 2016, Mr. Bertino filed another affidavit of service in the mechanics' lien matter. *See* Affidavit of Service dated February 8, 2016, *Bertino v. Clark-Dougherty,* December Term, 2015 No. M0004. In the second affidavit, Mr. Bertino's lawyer verified that the certified mail to the California address was returned "unclaimed." *Id.* Mr. Bertino's lawyer further verified that a copy of the mechanics' lien was sent to the same California address on February 8, 2016. *Id.* Mr. Bertino also claims to have served Ms. Clark-Dougherty by email as early as December 16, 2015. Mr. Bertino's response to Ms. Clark-Dougherty's Preliminary Objections, dated May 12 2016, at 14 (the "Response to Preliminary Objections").

---

[1] December Term, 2015 No. M0004.

On January 28, 2016, Ms. Clark-Dougherty filed an emergency motion to release the mechanics' lien, which the Court granted, allowing Ms. Clark-Dougherty to deposit $61,000 into escrow with the Court and discharge the lien against the Property. *See* Order of the Honorable Judge Carpenter, dated July 29, 2016, *Bertino v. Clark-Dougherty*, December Term, 2015, No. M0004.

On April 22, 2016, Ms. Clark-Dougherty filed preliminary objections to Mr. Bertino's complaint, arguing that the complaint should be dismissed because Mr. Bertino failed to properly serve notice of the mechanics' lien. Ms. Clark-Dougherty's Preliminary Objections, dated April 22, 2016 ("the Preliminary Objections") at ¶ 9. Mr. Bertino responded to the preliminary objections on May 12, 2016. After review, this Court sustained the preliminary objections and dismissed the Complaint by order of June 20, 2016. Mr. Bertino timely appealed the order to the Superior Court and filed a Statement of Errors Complained of on Appeal pursuant to Pa. R.A.P. 1925(b), dated August 1, 2016 ("Appellant's Statement").

## DISCUSSION

On appeal, Mr. Bertino argues that the Court committed an error of law and/or abused its discretion in sustaining the preliminary objections. Appellant's Statement at ¶ 3. Mr. Bertino argues that Ms. Clark-Dougherty had actual notice of the mechanics' lien within the time frame required by statute and therefore was not prejudiced. *Id.* Mr. Bertino further argues that because he took steps to ensure that Ms. Clark-Dougherty had actual notice of the lien, this Court erred by not applying the doctrine of substantial compliance with the service provisions of the Mechanics' Lien Law of 1963, 49 P.S. § 1505 (West 2016). *Id.* at ¶ 4.

A reviewing court will reverse the trial court's decision to sustain preliminary objections only when there has been an error of law or an abuse of discretion. *Barton v. Lowe's Home*

3

*Center,* 124 A.3d 349, 354 (Pa. Super. 2015). Under the Mechanics' Lien Law, preliminary objections are proper to assert lack of conformity with the Mechanics' Lien Law. 49 P.S. § 1505 (West 2016). Preliminary objections that will result in dismissal should be sustained only in cases that are "clear and free from doubt." *Chambers v. Todd Steel Pickling, Inc.*, 470 A.2d 159, 162 (Pa. Super. 1983)(internal citations omitted).

1. Mr. Bertino Failed to Comply with the Service Requirements
Of the Mechanics' Lien Law of 1963 and the Pennsylvania Rules of Civil Procedure.

The Mechanics' Lien Law of 1963 states that (1) written notice of the lien must be served within one month after filing, (2) an affidavit of service must be filed within 20 days after service, and (3) failure to serve the notice or to file the affidavit is grounds for striking the claim. 49 P.S. § 1502(a)(2). The statute further requires that service of the notice of filing be made in the same matter as a writ of summons in assumpsit or by posting. 49 P.S. § 1502(c).

Because Ms. Clark-Dougherty lives outside the Commonwealth, service upon her is complete upon delivery of mail "where a copy of the process [is] mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. If the certified mailing was refused, Mr. Bertino would then be permitted to make service by ordinary mail. Pa. R. Civ. P. 403(1). Where the mailing is returned as unclaimed, "plaintiff shall make service by another means pursuant to these rules." Pa. R. Civ. P. 403(2).

Service was not proper in this matter for several reasons. First, since service under Pa. R. Civ. 403 is not permitted by regular mail, Mr. Bertino's service of Ms. Clark-Dougherty on December 18, 2015, by regular mail is not proper as a matter of law.

Second, Mr. Bertino was not permitted to alternatively serve Ms. Clark-Dougherty by regular mail because the certified mailing was returned unclaimed. Pa. R. Civ. P. 403(1) allows service by first-class mail only if the mailing is refused. ("If the mail is returned with notation by

4

the postal authorities that the defendant **refused to accept the mail**, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail. . . ." Pa.R.Civ.P. 403)(1)(emphasis added). There has been no such refusal in this case. The certified mailing of December 21, 2015 was merely returned "unclaimed," and therefore, Mr. Bertino failed to ever effectuate original service of the mechanics' lien on Ms. Clark-Dougherty.

Furthermore, Mr. Bertino filed his affidavit of service on January 26, 2016, more than 20 days after his service attempts on December 18, 2015 and December 21, 2015, as required by the Mechanics' Lien Law. 49 P.S. § 1502(a)(1).

For these reasons, the Court did not err in its conclusion that service was defective under the applicable statute.

2. The Doctrine of Substantial Compliance Is Not Properly Applied in this Case.

The Court further did not err in determining not to apply the doctrine of substantial compliance in this case. While the Superior Court has applied the doctrine of substantial compliance in mechanics' lien cases, it has done so only in distinguishable cases when notice was properly served. *See Tesauro v. Baird*, 335 A.2d 792 (Pa. Super 1975). In *Tesauro*, the plaintiff had properly served a notice of the lien on the defendant in compliance with the Mechanics' Lien Act, but the notice omitted the term number and the date of filing of the claim. *Id.* at 795. The Superior Court held that the plaintiff had substantially complied with the Mechanics' Lien Act when the notice is "sufficiently definite to enable the owner to ascertain the amount of the lien claimed, its date and the nature and amount of the labor and material out of which it arises." *Id.*

The facts of this case are more similar to *Regency Investments Inc. v. Inlander Ltd.*, 855 A.2d 75 (Pa. Super. 2004). In *Regency*, the plaintiff effectuated personal service upon the

5

defendant in accordance with Pa. R. Civ. P. 400, but it was 34 days after the mechanics' lien was initially filed. *Id.* at 77-78. The Superior Court held that substantial compliance does not apply where notice was served, but it was untimely: "Here, the timeliness of service was at issue. The defect was directly violative of the statutory time period for the service of notice of the claim. Thus, the doctrine of compliance is inapposite." *Id.* at 80.

As in *Regency*, the service in this case was defective as untimely in direct contravention of the Mechanics' Lien Act. Mr. Bertino's service was not only untimely, but it also was technically deficient because it was not made by the proper method. Even if this Court had applied the doctrine of substantial compliance, there is no evidence that Ms. Clark-Dougherty ever received notice "sufficiently definite to enable the owner to ascertain the amount of the lien claimed, its date and the nature and amount of the labor and material out of which it arises." *Tesauro*, 335 A.2d at 795.

3.  Ms. Clark-Dougherty's Actual Notice of the Lien is Irrelevant.

Mr. Bertino finally argues that Ms. Clark-Dougherty had actual notice of the mechanics' lien evidenced by the filing of Ms. Clark-Dougherty's January 28, 2016 emergency motion to discharge the mechanics' lien upon payment into escrow. In his response to Ms. Clark-Dougherty's preliminary objections, Mr. Bertino does not cite any precedent beyond *Tesauro*, 335 A.2d 792, to stand for the proposition that actual, untimely notice of the lien excuses the requirements of 49 P.S. § 1502(a)(2). *Tesauro*, however, addresses the issue of substantial compliance with the Mechanics' Lien Law and does not address a situation where notice was never perfected but defendant eventually became aware of the existence of the lien. Appellant's Statement at ¶ 3-4.

6

The Pennsylvania Supreme Court has held that rules regarding the service of process "must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent on proper service being made." *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.*, 221 A.2d 185, 187 (Pa. 1966). Improper service "is not merely a procedural defect which can be ignored when defendant, by whatever means, becomes aware that an action has been commenced against him or her." *Frycklund v. Way*, 599 A.2d 1332, 1334 (Pa. Super. 1991).

Since Mr. Bertino never properly effectuated service upon Ms. Clark-Dougherty under the Mechanics' Lien Act and the Pennsylvania Rules of Civil Procedure, this Court was divested of jurisdiction over the underlying mechanics' lien. The fact that Ms. Clark-Dougherty eventually became aware of the lien does not negate that she was never properly served.

## CONCLUSION

For the reasons stated above, this Court respectfully requests that the Superior Court affirm its decision to sustain defendant's preliminary objections and strike the underlying mechanics' lien.

BY THE COURT:

ABBE F. FLETMAN, JUDGE

Dated: July 31, 2017

7