## Knabb's Appeal.

The omission from the body of a mechanic's claim of the initial letter of the middle name of the owner, is immaterial.

In a joint claim, it is unnecessary to set out whether the parties filing it claim as partners.

If it does not appear that there was a contractor other than the owner, the name of the contractor need not be set out in the claim.

A claim against a house and lot in A. township, B. county, belonging to J. M. H., adjoining lands of B., is sufficiently descriptive of the locality—it not appearing that J. M. H. had other lands in the same township.

A bill of particulars annexed to the claim and referred to therein, is a part of it, and if the dates and items are there specified, it is sufficient.

If there is but one date in the bill, the materials are presumed to have been furnished on that day, unless the contrary appears.

A claim, setting forth in one bill the items of materials furnished and work done under their respective dates, is sufficient.

A lien-creditor may object to the form of a mechanic's claim filed against the estate of his debtor.

FROM the Common Pleas of Montgomery.

*March* 26. The questions in this case arose on the distribution of the proceeds of a sheriff's sale of land. The funds were awarded to certain mechanics' liens, and the objections were taken by a judgment-creditor.

To the claim of Bean & Ullman, the objections were—1st. That the name of the owner was not set forth in the claim. It was entitled against Joseph M. Harper, and the bill annexed was in that name. The objection was, that, in the body of the claim, the name was stated as Joseph Harper. 2d. That it did not appear whether the parties claimed as partners or individuals. The claim was filed by "Nicholas Bean and Lewis Ullmann." 3. "The name of the contractor, architect, or builder, is not given; nor does it appear at whose request the materials were furnished." They were furnished to the owner of the land, and there was no evidence that there was another contractor. 4. "The size of the building is not stated, nor its locality sufficiently described." The claim was against a two-and-a-half-storied brick house, with cellar under, together with a lot of ground, situate in Upper Providence township, Montgomery co., Pa., belonging to Jos. M. Harper; bounded by lands of Jacob Landis and others; being 36 feet front, by 30 feet deep. 5. "The amount of the debt is not set out in the claim, nor the time when the materials were furnished." The claim filed, May 11, 1847, was for brick furnished, "a bill and more particular statement of brick, so found and provided, is hereunto annexed." The bill was—"Nov. 15, 1846. To serving 63,200 bricks, at $5½ per thousand, $347.00."

The objections to the claim of Davis & Whitaker in no material respect differed from those already mentioned. Two of them were, that the time when the work was done was not specified, and that there was no distinct specification of the amount claimed for materials and for labour. The bill of particulars set forth the items and the dates at which the goods were charged, and also the dates at which the hauling was charged; which was the work done for which the lien was in part filed.

The court distributed the fund to these claims.

*G. R. Fox* and *Sterigere*, for appellant, relied on the objections already stated. They contended that there must be a statement of the day on which each item of the work was done and materials furnished. They cited 6 Barr, 187 ; 3 W. & S. 258 ; 5 Ib. 262. They further argued, that any creditor could object to the form of the claim, since it was not a record or the act of the court.

*H. Freedley*, contrà, argued that the claims were sufficient, and that no one but the owner could take advantage of defect in matter of form : Hauer's Appeal, 5 W. & S. 473.

*April* 9.   BELL, J.—The formal objections to the statements of the claims in question are made under the 12th section of the act of 1836.   The great object of its several provisions is notice, and it has been truly said, an observance of them is essential to the safety of owners, purchasers, and other lien-creditors, as furnishing some *data* by which, in case of dispute, they may be enabled to ascertain the truth: Noll *v.* Swineford, 6 Barr, 187.   But all the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears, on the face of the statement, to point the way to successful inquiry.   Adherence to the terms of the statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without, in fact, adding anything to the security of the parties having an interest in the building sought to be encumbered.   Certainty to a common intent has, therefore, always been held to suffice.   If we apply this reasonable rule to the claims here disputed, I think it will be found the plaintiffs have done all incumbent on them to do.   The exceptions taken ask more than this.   Indeed, many of them were tacitly conceded to be hypercritical, by the lack of energy with which they were urged on the part of the contesting creditors.

The first of them relate to the supposed insufficiency of the statement filed by Bean & Ullman, in setting out the name of the owner and the character in which the material-men claim.   The omission of the initial letter M., in writing the name of the reputed owner in the body of the claim, is put forward as a fatal defect. But, even under the critical accuracy sometimes required by the common-law system of pleading, such an omission could not be pleaded in abatement; and it would be strange, indeed, if, at this day, it should be entertained as destructive of a procedure wherein convenient certainty, only, is required, and which, in this instance, is obtained by reference to the title of the statement and the bill

appended to it. The accidental dropping of the middle letter is, at most, but a *lapsus pennæ*, which can mislead no one.

The objection, that it does not appear whether the creditors claimed as individuals, or as a firm, is equally unsubstantial. Even admitting they claim in the latter capacity, it is not necessary it should so appear, in order to individuate them. In point of form, even a common law *narr.* by partners is good without so specifically designating them. But how are we to know they so claim as partners, in the mercantile sense of the term? And, if not, all shadow of exception vanishes.

Harper is named as owner, or reputed owner, and no one is designated as contractor, architect, or builder. This is the third exception. But the act requires, in express terms, a contractor to be named, only where the contract was made with a builder, distinct from the owner of the building, and the decisions have not extended these terms beyond their obvious meaning: Jones *v.* Shawhan, 4 W. & S. 262; Sullivan *v.* Johns, 5 Wh. 366. To be sure, in the latter case, it is observed, there is no objection to naming an owner, who built the house for himself, as owner or contractor, or both. It is so done in this instance, in the claim filed by Davis & Whitaker. But there is no imperative necessity for this. It has even been said that, as the name is only a circumstance of description, to specify the property, entire accuracy as to the ownership may not be indispensable. Certain it is, the proceeding being *in rem*, the object in stating the names of the parties connected with the structure, is a designation of the thing and not of the person. This object is generally effected by naming the owner alone. Still, where there is also a contractor, builder, or architect, conformity with the statute requires him to be named. What would be the effect of a neglect to notice him, in a proper case, we are not called on to declare, since it nowhere appears there was, in this case, a distinct contractor.

The succeeding class of exceptions is based upon a supposed absence of accuracy and certainty in certain particulars, which are now to be considered. A very brief notice of each of them will suffice.

And first: it is admitted the building, subject to these liens, is described with sufficient definiteness in the statement filed by Davis & Whitaker; but the quality of certainty in this particular is denied to exist in that put on record by Bean & Ullman. And yet, descriptions of no greater certainty—nay, some of much less—have passed muster. A building in this city was described as a three-

storied brick house (naming the owner), situate on the south side of Walnut street, between Eleventh and Twelfth streets. This was held sufficient, although another street, called Quince, intervened between the last named streets: Harker v. Conrad, 12 S. & R. 301. To the same effect is Springer v. Keyser, 6 Wh. 187. Shaw v. Barnes, 5 Barr, 18, was still less precise; for there the structure was said to stand "on the north side of Lombard street, west of Ninth street, adjoining Smith's lot on the east," without giving another parallel street. This was decided to be well enough to designate locality. An effort was made in Washburn v. Russell, 1 Barr, 499, to embrace within the rule of these decisions a claim filed against "a tract of land in Clarion county, on the waters of the Clarion river, with one double saw-mill thereon, situate on the east side of said river," stating the dimensions of the mill. But this was thought to lack necessary precision, for, in effect, it was no more than stating the building to be in a particular county; a generality not aided by a description of the building, which resembled many others.

In the instance here in question, the name of the owner, the locality of his building, "Upper Providence township, Montgomery county, Pa., bounded by lands of Jacob Landis and others," the material of which it is constructed, its dimensions, and the number of its stories, are given. This would seem to be a literal compliance with the terms of the statute. It certainly furnishes means for easy identification, and this is all, as already observed, that is required. You shall, says the law, give "the locality of the building, and the size and number of stories of the same, or *such other matter of description as shall be sufficient to identify the same.*" It is not pretended Harper was the owner of another building in Providence township at all like this, or, indeed, of any other house; a fact which was considered of weight in Springer v. Keyser, and which, in our case, it seems to me, ought to be of decisive effect. Upon this head it was principally urged for the contesting creditors, that the claim filed by Davis & Whitaker, shows the house to be situate in a village called Quincy. Admitting this to be so, mention of the fact would be but a superadded circumstance of description, increasing, perhaps, the facilities of discovery, but not absolutely essential to it. It is not averred the village is of such size, or so important in its relations of business and trade, that a neglect to name it would naturally lead an inquirer to the conclusion the building described stood not in the town, and we do not, therefore, intimate any opinion how far, under such circumstances,

silence as to the urban character of a dwelling or other structure would detract from the necessary certainty of description.

Of the remaining exceptions of this class, it is to be premised that the statement and bill annexed to it are to be taken as constituting what, by the act of Assembly, is called the "claim" of the plaintiff. Of this there cannot be a moment's question, where the appended bill is specially referred to by his statement. Nor is this more doubtful, though notice of the account be omitted in the statement; if otherwise, it sufficiently appears to have been the intent of the plaintiff to make it a constituent portion of his claim. The question must always be, Does the appearance of the document, taken as a whole, indicate such an intent, or is its aspect, or circumstances connected with it, calculated to mislead one candidly searching after truth? No particular form is prescribed for these instruments, nor has a general practice, under the statute, assigned to them a technical garb. The shapes they are made to assume in different counties, and even in the same county, are almost as various as the intelligence and business tact of those who prepare them for the office files.

Under such circumstances, it would be absurd to measure them by any other standard than one suggested by the ordinary business habits of the country, or to exact for them a nicer and more critical construction, than usually enters into the composition of such papers among non-professional men. Here the bill or account annexed by Davis & Whitaker to their statement, obviously forms part of it. It is in their handwriting, following immediately after the statement itself, and treats of the same subjects of charge, viz., lumber furnished, and hauling it to the building. Its adjusted amount, too, exactly corresponds with the sum claimed by the statement as due; and it is not to be doubted—though not so expressly stated on the paper-book—the whole was spread, by the prothonotary, on the dockets of the court, as forming one document. It must, on the grounds stated, be so accepted by us. Thus esteemed and treated, these claims satisfy every rule. They give the amount of the debts claimed by the material-men; the nature and amount of the materials furnished and labour performed; the building for which, and the time when, they were furnished and done. In this last particular, the account of Davis & Whitaker is very minute and precise. That furnished by Bean & Ullman has but one date. But, in the absence of contrary proof, they must be taken as designating the time when the bricks were furnished. It is totally unlike the appended bill in Witman *v.*

Walker, 9 W. & S. 183.   There, the account consisted of various items of marble furnished for the building: such as mantels, steps, ashler, &c., and of marble work, which must have been furnished and performed at different times; and yet there was but a single date.   "It is obvious," said Judge Sergeant, "the date is the date of the bill, and nothing else."   But this cannot, certainly, be asserted of the present account.   It consists of but one item, and though not very probable, it is possible the bricks may all have been furnished on the same day.   Of this, the only evidence we have is the bill itself, and it would be hazardous to assume a fact in contradiction of it, for the mere purpose of invalidating the lien.   Besides, it is said to be the habit of the trade, to ascertain the number of bricks furnished for a building, after it is completed, and then to make the final charge.   If so, I should think the act satisfied by the insertion of that date.

. Another objection, not much pressed, is, that the claim of Davis & Whitaker contains no distinct specification of the amounts due for materials and work, respectively.   This objection is founded upon the rejection of the appended account, as part of the claim. That shows distinctly, how much is claimed for hauling.

The fifth exception to the claim was not argued.   There is nothing in it.

These views, in affirmance of the validity of the liens, make it unimportant to decide the other question made on the argument, namely, whether subsequent encumbrancers can be admitted to object deficiencies in the statement in avoidance of the lien.   But upon this point we entertain no doubt.   Until now, their right to do so, has never been questioned.   It was permitted, without objection, in the much contested case of Thomas v. James, 7 W. & S. 381; no one dreaming of a doubt.   A claim filed, is not in the nature of a judgment pronounced by a court.   It is, as was decided at the present term, but a means, partaking of the character of process, of enforcing a statutory lien.   It comes not, therefore, within the principle upon which the doctrine of Hauer's Appeal, 5 W. & S. 473, and other similar cases, is based.   This is proved by the whole scope of the act of 1836, and particularly by the provisions of sections 5, 9, 13, 23, and 25, which evidently contemplate and provide modes for the interference of mortgagees, judgment-creditors, and other encumbrancers, having no estate in the premises bound.

Decree affirmed.