**REGENCY INVESTMENTS, INC. t/d/a Regency Commercial Maintenance, Appellant,**

v.

**INLANDER LIMITED, A Nevada Corporation, Appellee.**

Superior Court of Pennsylvania.

Argued April 27, 2004.

Filed July 15, 2004.

Mark J. Christman, Pittsburgh, for appellant.

Michael P. Robic, II, Pittsburgh, for appellee.

BEFORE: HUDOCK, GANTMAN and POPOVICH, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Regency Investments, Inc. T/D/A Regency Commercial Maintenance ("Regency"), asks us to determine whether the trial court erred in sustaining the preliminary objection of Appellee, Inlander Limited, a Nevada Corporation ("Inlander"), whereby the court struck Regency's Mechanics' Lien claim for failure to serve timely notice of the claim. We hold that the trial court properly struck the Mechanics' Lien claim, as service of the claim was not achieved until after the one (1) month statutory time period. We also hold the doctrine of substantial compliance does not apply where there is a defect in the actual service of notice. Accordingly, we affirm.

¶ 2 The relevant facts and procedural history of this case are as follows. The parties entered into an oral agreement for alterations and repair on Inlander's property located at 333 West Third Street, Borough of Derry, Westmoreland County. Pursuant to contract, Regency agreed to furnish labor and materials in connection with the alteration and repair of industrial buildings on the property. The total bill for the work done was $869,804.40. Over the course of the project, Inlander paid Regency $357,422.51, and there was a balance due in the amount of $512,422.51. On November 25, 2002, the work was suspended by mutual agreement. At that point, the work had been substantially completed.

¶ 3 On November 26, 2002, Regency filed a Mechanics' Lien claim against Inlander's property. Pursuant to 49 P.S. § 1502, notice of the claim had to be served by a sheriff within one (1) month of

filing the claim. On December 9, 2002, Regency instructed the Westmoreland County Sheriff to serve Inlander. The Sheriff served Inlander with notice of the Mechanics' Lien claim on December 30, 2002, 34 days after the claim was initially filed. The Sheriff filed the return of service on January 6, 2003.

¶ 4 Inlander filed preliminary objections to Regency's Mechanics' Lien claim, based upon Regency's failure to comply with the service requirements in 49 P.S. § 1502. The trial court sustained Inlander's preliminary objections by order dated August 6, 2003, and struck the claim. Regency filed a motion for reconsideration on August 25, 2003, which the trial court denied on September 4, 2003. This timely appeal followed.

¶ 5 Regency raises the following issue for our review:

WHERE THE MECHANICS' LIEN LAW HAS BEEN INTERPRETED TO REQUIRE THAT NOTICE OF THE FILING BE SERVED BY THE SHERIFF WITHIN 30 DAYS, DOES THE DOCTRINE OF SUBSTANTIAL COMPLIANCE APPLY TO TEMPER STRICT CONSTRUCTION OF THE 30 DAY DEADLINE TO AVOID PENALIZING A CLAIMANT WHO DID NOTHING TO STALL IN ITS TRACKS THE LEGAL MACHINERY THAT CLAIMANT HAD SET IN MOTION?

(Regency's Brief at 4).

¶ 6 Appellate review of an order sustaining objections to a Mechanics' Lien claim involves certain standards:

This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is "free and clear of doubt."

*Clemleddy Construction Inc. v. Yorston,* 810 A.2d 693, 696 (Pa.Super.2002) (internal citations omitted). Service requirements under Pennsylvania's Mechanics' Lien law are strictly construed such that a complaint will be stricken if the statutory service requirements are not met; the doctrine of substantial compliance refers only to the "form" of the notice. *Tesauro v. Baird,* 232 Pa.Super. 185, 335 A.2d 792, 796 (1975).[1]

¶ 7 Regency argues there should not be such a "draconian, bright-line rule on Mechanics' Lien claimants, where the claimant does not have control over service of process." (Regency's Brief at 5). Regency asserts the *Clemleddy* Rule places an untenable burden on the Mechanics' Lien claimant, because even if the claimant gives the Sheriff's Office ample time to serve notice, the claimant can still be penalized if the Sheriff does not carry out the task within the allotted time frame. Instead Regency suggests the doctrine of substantial compliance should apply to the statutory service of notice requirements as well, to temper the unfair result that necessarily occurs under the rules of strict

---

1. The "form" of the notice means "enough appears on the face of the statement to point the way to a successful inquiry." *Id.* at 793–94 (citing *Knabb's Appeal,* 10 Pa. 186, 188 (1849)). "Certainty to a common intent is all that is called for, and this is satisfied if those interested may ascertain the period during which the delivery of materials was effected, or the work was done, so as to individuate the transaction." *Id.* at 794 (citing *Calhoun and Lyon v. Mahon,* 14 Pa. 56, 58 (1850)). Therefore, when we speak of the "form" of the notice of claim, we are talking about the statements contained in the notice, not service of the notice.

construction. Regency maintains the trial court should have found substantial compliance was sufficient to satisfy the notice requirement set forth in Section 1502 because notice of the Mechanics' Lien claim was delivered to the Sheriff for service well within the statutory time period and Regency did nothing to "stall in its tracks the legal machinery it had set in motion." (*Id.* at 6). Regency concludes the trial court abused its discretion and/or committed an error of law when it failed to apply the doctrine of substantial compliance to the service of notice provisions in the Mechanics' Lien statute. We disagree.

¶ 8 This case involves the interpretation and application of 49 P.S. § 1502, which provides in relevant part:

> § 1502. **Filing and notice of filing of claim**
>
> (a) Perfection of Lien. To perfect a Lien, every claimant must:
>
> (1) file a claim with the prothonotary as provided by this act within four (4) months after the completion of his work; and
>
> (2) serve written notice of such filing upon the owner within one (1) month after filing, giving the court term and number and date of filing of the claim. An affidavit of service of notice, or the appearance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. **Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim.**
>
> \* \* \*
>
> (c) Manner of service. Service of the notice of filing of claim shall be made by an adult in the same manner as a writ of summons in assumpsit, **or if service cannot be so made then by posting upon a conspicuous public part of the improvement.**

49 P.S. § 1502(a)(1)(2), (c) (emphasis added). As this Court held in *Clemleddy, supra:*

> We interpret Pennsylvania's Mechanics' Lien Law to require service of a notice of filing of claim be made in person by the sheriff to the extent practicable. *See* 49 P.S. § 1502(c). Once the claimant establishes that personal service has not been successfully effectuated, the statute expressly permits posting as an alternative method of service. *See* 49 P.S. § 1502(c).

The statutory language supports our interpretation. Section 1502(c) requires service to "be made by an adult in the same manner as a writ of summons in assumpsit." 49 P.S. § 1502(c). The Pennsylvania Rules of Civil Procedure recognize claims asserted in assumpsit to be civil actions. *See* Pa.R.C.P. 1001 (stating that "[a]ll claims heretofore asserted in assumpsit or trespass shall be asserted in one form of action to be known as 'civil action.' "). Consequently, a writ of summons in assumpsit must be served in the same manner as service of process in a civil action.

Service of process in a civil action is prescribed by Rule 400 of the Pennsylvania Rules of Civil Procedure. *See* Pa. R.C.P. 400. It states, in pertinent part:

> **Rule 400. Person to Make Service**
>
> (a) Except as provided in subdivisions (b) and (c) and in Rules 400.1 and 1930.4, **original process shall be served within the Commonwealth only by the sheriff.**

Pa.R.C.P. 400(a) (emphasis added).

Consequently, we interpret Section 1502(c)'s requirement of personal service to "be made by an adult in the same manner as a writ of summons in as-

sumpsit" to mean that the notice of filing of claim in a mechanic's lien case must be served by the sheriff. *See* 49 P.S. § 1502(c).

*Id.* at 696–97. To perfect a Mechanics' Lien, it is essential to adhere strictly to the statutory notice requirements. *Id.;* 49 P.S. § 1502(a)(1)(2), (c).

¶ 9 The doctrine of substantial compliance does not apply when the timeliness of the service of notice is at issue. *Tesauro, supra.* Substantial compliance applies only to a defect in the "form" of the notice. *Id.* Previously, this Court addressed arguments regarding substantial compliance in that particular context of Mechanics' Lien law. *Samango v. Hobbs,* 167 Pa.Super. 399, 75 A.2d 17, 20 (1950). The *Samango* Court stated:

> In *O'Kane v. Murray,* 252 Pa. 60, 97 A. 94 [ (1916) ], the Supreme Court affirmed a judgment for defendant n. o. v. on 'the ground that claimant had failed to comply with section 21 of the Act. Although the section provides that failure to serve notice of the filing of the claim "shall be sufficient ground for striking off the claim," the defendant Murray raised the question for the first time in his affidavit of defense.... Section 21, of the act of 1901 requires the claimant within one month after the filing of the claim to serve a notice upon the owner of the fact of the filing of the same, and to file of record in the proceedings an affidavit, setting forth the fact and manner of such service. This section also provides that a failure to serve the notice and file the affidavit within the specified time shall be sufficient ground for striking off the claim. The notice of the filing of the claim was not given to Murray, but service of the notice was accepted by his attorneys. [This was prior to the amendment of 1917 authorizing acceptance of service

by the owner's attorney.] The plaintiff contends that a substantial conformance with this section of the statute is all that is required, and that the section will not be construed to be mandatory unless it would be inequitable to allow the lien to remain. This contention entirely overlooks the well established rules applicable to the interpretation of mechanics' liens. The language of the provision is clearly mandatory [...]. A compliance with the provision is a prerequisite to the validity of the lien, and the failure to observe it invalidates the lien. [...] The right to file a mechanic's lien, as has been uniformly held by all the courts, is of statutory origin. No such right existed at common law. It is class legislation and therefore must be strictly construed. If a party desires to avail himself of it, he must comply strictly with the provisions of the statute conferring the right.

*Id.* at 19–20 (internal citation omitted). Hence, substantial compliance does not apply to situations where notice was served, but service was untimely. *Tesauro, supra.* Notwithstanding more recent amendments to the Mechanics' Lien statute, one fact remains the same: notice of a claim must be served "within one (1) month after filing...." *See* 49 P.S. § 1502(a)(2).

¶ 10 In the instant case, Regency filed its Mechanics' Lien claim on November 26, 2002. On December 9, 2002, Regency submitted its instructions to the Westmoreland County Sheriff to serve notice upon Inlander. The instruction sheet incorrectly indicated that the last day to serve notice of the claim was January 9, 2003, which was thirty-one days after the instructions were given to the Sheriff, but fourteen days after the statutory time period had lapsed. The Sheriff's office served Inlander on December 30, 2002, well within the January 9th deadline pro-

vided on the instruction sheet, but outside the statutory deadline. *See id.* Applying the doctrine of strict construction, the service of notice of the claim was untimely. *See Tesauro, supra.* Therefore, service of Regency's Mechanics' Lien claim was defective.

¶ 11 With respect to the application of substantial compliance, the trial court reasoned:

> Regency...wishes the court to apply the doctrine of substantial compliance in order to temper such a strict construction of the Mechanic's Lien Law. However, the substantial compliance doctrine has only been applied in cases where service of notice was timely filed. No court has allowed variance from the rule that written notice of the filing of a mechanics' lien claim must be served on the owner within [one month] of the filing of such a lien.

(Trial Court Opinion, dated August 6, 2003, at 3) (internal citations omitted). Here, the timeliness of service was at issue. The defect was directly violative of the statutory time period for service of notice of the claim. Thus, the doctrine of substantial compliance is inapposite.

¶ 12 The Mechanics' Lien statute provides an expeditious method to obtain a lien at very little cost to the claimant. Therefore, it is the claimant's principal responsibility to ensure timely service of the claim. If a Mechanics' Lien claim is not timely perfected, however, the claimant still has an adequate remedy in a suit for monetary damages arising out of a breach of contract. The advantage of a Mechanics' Lien is that the lien takes effect sooner and assumes priority over other liens. By contrast, a judgment lien takes effect and priority on the date of entry of judgment. Thus, a claimant who desires a Mechanics' Lien must be vigilant in adhering to the service requirements in the statute.

¶ 13 Moreover, the statute provides for alternative service, if personal service cannot be made. *See* 49 P.S. § 1502(c) (allowing notice to be served by posting upon conspicuous public part of improvement). The claimant simply has to instruct the Sheriff to post notice if personal service fails. *See id.*

¶ 14 Based upon the foregoing, we hold that the trial court properly struck Regency's Mechanics' Lien claim, as service of the claim was not achieved until after the one (1) month statutory time period. We also hold the doctrine of substantial compliance does not apply where there is a defect in the actual service of notice. Accordingly, we affirm.

¶ 15 Order affirmed.