J-A26004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TED BABICH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BUFFALO WILD WINGS, | |
| Appellee | No. 122 WDA 2016 |

Appeal from the Order Entered December 17, 2015
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2014-6092

BEFORE:  BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 18, 2017**

Appellant, Ted Babich, appeals from the December 17, 2015 order sustaining the preliminary objections of Appellee, Buffalo Wild Wings, and striking Appellant's amended complaint and mechanics' lien.  After careful review, we affirm.

We glean the following facts from the record:  In 2014, Appellee contracted with a general contractor, Horizon Retail Construction ("Horizon"), to perform renovations to its property located at 50 Old Mill Boulevard in Washington, Pennsylvania.  Horizon subcontracted certain plumbing work in connection with the renovations to Appellant.  Appellant claims that he is still owed a balance of $24,798.00 for labor and materials furnished to Appellee.  Thus, on September 11, 2014, Appellant sent a notice of intent to file a mechanics' lien to the corporate office of Appellee

via regular United States mail. On October 3, 2014, Appellant filed a mechanics' lien claim against Appellee in the Court of Common Pleas of Washington County, which was docketed as Civil Action No. 2014-6092. On January 29, 2015, Appellee filed preliminary objections to the mechanics' lien claim and complaint, asserting that Appellant failed to comply with notice and service requirements. By memorandum opinion and order dated June 12, 2015, the trial court sustained the preliminary objections and struck the mechanics' lien claim and complaint. Appellant was granted 30 days to file an amended claim.[1]

On July 10, 2015, Appellant filed both an amended mechanics' lien claim and an amended complaint to enforce the claim. Appellee timely filed preliminary objections to both pleadings, again based on defective service. Following briefing and argument, the trial court issued a memorandum opinion and order dated December 17, 2015 ("12/17/15 Opinion"), sustaining Appellee's preliminary objections and striking Appellant's

_____

[1] As noted by the trial court in its Pa.R.A.P. 1925(a) opinion:

> At the time of the filing of the original complaint and for the pendency of the first set of preliminary objections, [Appellant] was proceeding in his capacity as a *pro se* litigant. The [c]ourt permitted him leave to amend so that he could procure the services of an attorney and contemplate any available cure to his complaint.

Trial Court Opinion ("TCO"), 3/17/16, at 2. Appellant did obtain counsel before the filing of his amended mechanics' lien and amended complaint and is still represented by said counsel herein.

amended mechanics' lien claim and amended complaint. Appellant timely filed a notice of appeal on January 19, 2016, and now presents the following issues for our review:

1. Whether the trial court erred in sustaining [Appellee's] preliminary objections to the legal sufficiency of [Appellant's] claim for failure to conform to law?

2. Whether the trial court erred in striking [Appellant's] Amended Complaint and mechanics lien claim in the entirety without providing [Appellant] with leave to amend the pleading?

Appellant's Brief at 2.

Before addressing the merits of Appellant's claims, we note our standard of review. It is well-established that,

[i]n determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred.

Our inquiry goes only to determining the legal sufficiency of appellant's complaint and we may only decide whether sufficient facts have been pleaded which would permit recovery if ultimately proven. We must be able to state with certainty that upon the facts averred, the law will not permit recovery by the plaintiff.

This Court will reverse the trial court's decision only where there has been an error of law or abuse of discretion. Further, when the sustaining of preliminary objections results in the denial of a claim or the dismissal of a suit in a mechanics' lien proceeding, preliminary objections should be sustained only where the case is clear and doubtless.

***Wendt & Sons v. New Hedstrom Corp.***, 858 A.2d 631, 632 (Pa. Super. 2004) (internal quotation marks and citations omitted).

Here, Appellant claims that he properly served Appellee with effective notice of his intention to file a mechanics' lien for the amount owed to him by Appellee. Appellant's Brief at 5-6. In the alternative, Appellant urges this Court to apply the doctrine of substantial compliance and to find Appellant in substantial compliance with the notice requirements of the Mechanics' Lien Law. *Id.* Thus, to begin, we examine the notice requirements of Pennsylvania's Mechanics' Lien Law, which provides, in relevant part, as follows:

**§ 1502. Filing and notice of filing of claim**

**(a)** **Perfection of Lien.** To perfect a lien, every claimant must:

(1) file a claim with the prothonotary as provided by this act within six (6) months after the completion of his work; and

(2) serve written notice of such filing upon the owner within one (1) month after filing, giving the court, term and number and date of filing of the claim. An affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim.

…

**(c)** **Manner of service.** Service of the notice of filing of claim shall be made by an adult in the same manner as a writ of summons in assumpsit, or if service cannot be so made then by posting upon a conspicuous public part of the improvement.

49 P.S. § 1502.

As we explained in ***Regency Investments, Inc. v. Inlander Ltd.***, 855 A.2d 75 (Pa. Super. 2004), this Court has long interpreted the language of Section 1502(c) to mean that service of a notice of filing a claim under Pennsylvania's Mechanics' Lien Law must be made "in person *by the sheriff to the extent practicable.*" ***Id.*** at 78 (quoting ***Clemleddy Construction Inc. v. Yorston***, 810 A.2d 693, 696 (Pa. Super. 2002)) (emphasis added). [2] "Once the claimant establishes that personal service has not been

_____

[2] We elaborated:

> The statutory language supports our interpretation. Section 1502(c) requires service to "be made by an adult in the same manner as a writ of summons in assumpsit." 49 P.S. § 1502(c). The Pennsylvania Rules of Civil Procedure recognize claims asserted in assumpsit to be civil actions. ***See*** Pa.R.C.P. 1001 …. Consequently, a writ of summons in assumpsit must be served in the same manner as service of process in a civil action.
>
> Service of process in a civil action is prescribed by Rule 400 of the Pennsylvania Rules of Civil Procedure. ***See*** Pa.R.C.P. 400. It states, in pertinent part:
>
> > **Rule 400. Person to Make Service**
> >
> > Except as provided in subdivions (b) and (c) and in Rules 400.1 and 1930.4, **original process shall be served within the Commonwealth only by the sheriff.**
>
> Pa.R.C.P. 400(a) (emphasis added).
>
> Consequently, we interpret Section 1502(c)'s requirement of personal service to "be made by an adult in the same manner as a writ of summons in assumpsit" to mean that the notice of filing of claim in a mechanic's lien case must be served by the sheriff. ***See*** 49 P.S. § 1502(c).

***Id.*** at 78-79 (quoting ***Clemleddy***, 810 A.2d at 696-697).

successfully effectuated, the statute expressly permits posting as an alternative method of service." *Id.* at 78 (citing 49 P.S. § 1502(c)). Moreover, we have held that "[t]o protect a Mechanics' Lien, it is *essential* to adhere strictly to the statutory notice requirements." *Id.* at 79 (emphasis added).

In the instant case, the trial court found that Appellant failed to obtain service of his notice of intent by the sheriff as required by Section 1502(c). *See* 12/17/15 Opinion at 3. Instead, Appellant only sent the notice by United States, first class mail. *See id.* Additionally, the trial court noted that Appellant failed to file an affidavit of service. *Id.* After careful review of the record, we discern no abuse of discretion by the trial court and deem Appellant's claims to be wholly without merit.

Despite his non-compliance with the statutory service requirements, Appellant urges this Court to apply the doctrine of substantial compliance. However, this doctrine does not apply where the actual service of notice, as here, is defective. Rather, "substantial compliance applies only to a defect in the 'form' of the notice." *Regency*, 855 A.2d at 79. This Court has previously emphasized that:

> The Mechanics' Lien statute provides an expeditious method to obtain a lien at very little cost to the claimant. Therefore, it is the claimant's principal responsibility to ensure timely service of the claim. If a Mechanics' Lien claim is not timely perfected, however, the claimant still has an adequate remedy in a suit for monetary damages arising out of a breach of contract. The advantage of a Mechanics' Lien is that the lien takes effect sooner and assumes priority over other liens. By contrast, a judgment lien takes effect and priority on the date of entry of

judgment. Thus, a claimant who desires a Mechanics' Lien must be vigilant in adhering to the service requirements in the statute.

*Id.* at 80.

Moreover, we note that in the event that personal service cannot be made, the Mechanics' Lien statute provides for alternative service. *See* 49 P.S. § 1502(c) (allowing notice to be served by posting upon conspicuous public part of the improvement). Thus, Appellant simply needed to instruct the Sheriff to post notice, had he attempted to obtain personal service on Appellee and failed. However, based on our review of the record, it appears that Appellant never attempted to obtain personal service on Appellee in compliance with the requirements of 49 P.S. § 1502, nor did he utilize this alternative statutory service provision. We agree with the trial court that Appellant's efforts at service "were, at best, minimally compliant with statutory requirements." 12/17/15 Opinion at 5.

Next, Appellant argues that the trial court abused its discretion by dismissing his amended complaint without leave to amend to address the purported service deficiencies. Appellant's Brief at 7-8. In support of his argument, Appellant suggests that "[s]o long as there exists 'some reasonable possibility' that amendment can be accomplished, the trial court should not dismiss the complaint." *Id.* at 7 (quoting *Juszczyszyn v. Taiwo*, 113 A.3d 853, 856 (Pa.Super. 2015)). However, the trial court has already provided Appellant with ample opportunity to amend his original complaint to demonstrate compliance with the applicable service requirements, and Appellant failed to do so.

- 7 -

Based on our review of the record, we agree with the trial court's conclusion that there is no "reasonable possibility" that another amended pleading will resolve the service deficiencies. The record is devoid of any proof that Appellant ever made any attempt to obtain service on Appellee in compliance with 49 P.S. § 1502(c). Moreover, even after obtaining counsel, Appellant's amended complaint suffered the same service defects as his original complaint. "As [Appellant] could not cure his minimal compliance with the statutory provisions on service, the [c]ourt dismissed his complaint." TCO at 2. We discern no error of law or abuse of discretion by the trial court.

In light of the foregoing, the trial court's order sustaining Appellee's preliminary objections and dismissing Appellant's amended complaint and mechanics' lien is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2017