J-A02022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FORBES EXCAVATING, L.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WEITSMAN NEW CASTLE REALTY, | : | No. 1005 WDA 2017 |
| LLC | : | |

Appeal from the Order Entered June 27, 2017
In the Court of Common Pleas of Lawrence County Civil Division at No(s):
51197 OF 2016 MLD

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 08, 2018**

Appellant, Forbes Excavating, L.P., appeals from the order entered on June 27, 2017.  We affirm.

On October 28, 2016, Appellant filed a Mechanics' Lien Claim (hereinafter "the Claim") against property owned by Weitsman New Castle Realty, LLC (hereinafter "Weitsman Realty"), at 526 South Jefferson Street, New Castle, Pennsylvania, 16101.  Within the Claim, Appellant averred that Weitsman Realty contracted with FAHS Construction Group, Inc. (hereinafter "the Contractor") to perform certain improvements to the property; the Contractor, in turn, subcontracted some of the work to Appellant.  ***See*** Appellant's Mechanics' Lien Claim, 10/28/16, at ¶¶ 1-5.  As Appellant averred, it completed its work under the subcontract on April 29, 2016;

however, Appellant is still owed $581,840.39, plus interest and costs, for its work improving Weitsman Realty's property. *Id.* at ¶¶ 3 and 6.

On November 15, 2016, Deputy Sheriff Marcia Sigler (hereinafter "Sheriff Sigler") swore an affidavit, declaring that she did not serve the notice of the Claim upon Weitsman Realty and that she was returning the notice of the Claim "not found."  Sheriff Sigler averred:

> [Sheriff Sigler], . . . who being duly sworn according to law, says, that [she] made a diligent search and inquiry for the within named Defendant[, Weitsman Realty] at 526 South Jefferson St[.,] New Castle, PA  16101[,] but was unable to locate Them, within the limits of Lawrence County, Pennsylvania nor to ascertain the Defendant['s] present whereabouts, and I do therefore return the within Mechanics Lien, NOT FOUND.
>
> Reason:
>
> The above address is Ben Weitsman of New Castle, per Ron Saley, general manager there.  [Weitsman Realty] is not known there[.]

Sheriff's Affidavit of Failure to Serve Notice, dated 11/15/16, at 1 (some internal capitalization omitted) (underlining in original).

On January 10, 2017, Sheriff Sigler swore an affidavit, which declared that she served Weitsman Realty with notice of the Claim.  The affidavit stated:

> [Sheriff Sigler] served a copy of the Mechanics Lien upon defendant [Weitsman Realty] on 5th January 2017 at 9:34 [a.m.] at 526 South Jefferson St[.,] New Castle, PA 16101[,] by handing to Christy Little, Office Manager[.]

Sheriff's Affidavit of Service of Notice, filed 1/10/17, at 1 (some internal capitalization omitted) (underlining in original).

On January 13, 2017, Appellant filed its complaint to obtain judgment on the Claim. Weitsman Realty responded to the complaint by filing preliminary objections in the nature of a motion to strike, for failure of the pleading to conform to the Mechanics' Lien Law. Specifically, Weitsman Realty claimed Appellant's complaint must be stricken because: 1) Appellant failed to timely serve Weitsman Realty with written notice of the Claim, pursuant to 49 P.S. § 1502(a)(2), and 2) when Appellant purportedly served Weitsman Realty with an untimely notice of the Claim on January 5, 2017, it handed the Claim to an individual who was not authorized to accept service. Weitsman Realty's Preliminary Objections, 3/2/17, at 2.

Appellant filed an answer to the preliminary objections and acknowledged that, in accordance with 49 P.S. § 1502(a)(2), it was required to serve Weitsman Realty with written notice of its Claim within one month after the Claim was filed. Appellant's Answer to Preliminary Objections, 3/23/17, at ¶ 4; **see also** 49 P.S. § 1502(a)(2). Thus, Appellant admitted, since the Claim was filed on October 28, 2016, "notice of the filing of the [Claim] was required to be served upon [Weitsman Realty] by November 28, 2016." Appellant's Answer to Preliminary Objections, 3/23/17, at ¶ 4. Notwithstanding this fact – and notwithstanding the fact that Appellant did not formally serve Weitsman Realty with notice of the Claim until January 5,

2017 – Appellant maintained that the preliminary objections must be overruled.

First, Appellant contended, it timely served Weitsman Realty with notice of the Claim on November 15, 2016. *Id.* As to this argument, Appellant claimed that, on November 15, 2016, Sheriff Sigler attempted to serve notice of the Claim upon Ron Saley at 526 South Jefferson Street; however, Mr. Saley falsely told Sheriff Sigler that Weitsman Realty was "not known" at the address. *Id.* at ¶ 4A. According to Appellant, Weitsman Realty actually did own 526 South Jefferson Street. *Id.* Appellant further claimed that Weitsman Realty's "refusal to accept service on November 15, 2016 constituted valid service under Pennsylvania law" and, thus, it properly served Weitsman Realty with timely notice of the Claim on November 15, 2016. *Id.*

Second, Appellant claimed, the preliminary objections must be overruled because it "substantially complied" with the service requirements of the Mechanics' Lien Law. *Id.* at ¶ 7. According to Appellant:

> Here, [Weitsman Realty] clearly had notice of the filing of the [Claim] as it filed preliminary objections to the same. Moreover, application of the doctrine of substantial compliance is particularly appropriate, where, as in the present case, [Weitsman Realty] has attempted to evade service by [its] refusal to accept service from the sheriff.

Appellant's Brief in Opposition to Preliminary Objections, 6/5/17, at 6.

Following oral argument, the trial court sustained Weitsman Realty's preliminary objections and struck Appellant's complaint for failure to timely

serve Weitsman Realty with notice of the Claim. Trial Court Order, 6/27/17, at 4. Appellant filed a timely notice of appeal. Appellant raises two claims on appeal:

> 1. Did [Weitsman Realty's] refusal to accept service of the [Claim] on November 15, 2016 constitute valid service under Pennsylvania law?
>
> 2. Did [Appellant's] substantial compliance with the service requirements require a denial of the preliminary objection, particularly in light of [Weitsman Realty's] evasion of service?

Appellant's Brief at 9.

We have held:

> This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of [a mechanics' lien] claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Regency Invs., Inc. v. Inlander Ltd.*, 855 A.2d 75, 77 (Pa. Super. 2004) (internal quotations and citations omitted), *quoting* *Clemleddy Constr., Inc. v. Yorston*, 810 A.2d 693, 695 (Pa. Super. 2002).

Section 1502 of the Mechanics' Lien Law is entitled "[f]iling and notice of filing of claim." It declares:

> **(a) Perfection of Lien.** To perfect a lien, every claimant must:
>
> > (1) file a claim with the prothonotary as provided by this act within six (6) months after the completion of his work; and

(2) serve written notice of such filing upon the owner within one (1) month after filing, giving the court, term and number and date of filing of the claim. An affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim.

. . .

**(c) Manner of service.** Service of the notice of filing of claim shall be made by an adult in the same manner as a writ of summons in assumpsit, or if service cannot be so made then by posting upon a conspicuous public part of the improvement.

49 P.S. § 1502.

Therefore, as is relevant to the current appeal, for a claimant to perfect its lien under the Mechanics' Lien Law, the claimant must: 1) file its claim within six months of the date it completed its work; 2) serve the owner with written notice of the claim within one month after it filed its claim; and, 3) file an affidavit of service of notice, or the acceptance of service, within 20 days after service. *Id.*

As to the manner of service, this Court has explained: "Section 1502(c)'s requirement of personal service to 'be made by an adult in the same manner as a writ of summons in assumpsit' [means] that the notice of filing of claim in a mechanics' lien case must be served by the sheriff." *Clemleddy Constr. Inc.*, 810 A.2d at 697.

Moreover, with respect to service of the notice of claim, this Court held:

- 6 -

> Service requirements under Pennsylvania's Mechanics' Lien law are strictly construed such that a complaint will be stricken if the statutory service requirements are not met; the doctrine of substantial compliance refers only to the "form" of the notice. . . . [W]hen we speak of the "form" of the notice of claim, we are talking about the statements contained in the notice, not service of the notice.

***Regency Invs., Inc.***, 855 A.2d at 77 and 77 n.1.

In the case at bar, the trial court sustained Weitsman Realty's preliminary objection in the nature of a motion to strike for failure of Appellant's complaint to conform to law. Specifically, the trial court ruled, under 49 P.S. § 1502(a)(2), Appellant was required to serve Weitsman Realty with written notice of the Claim within one month of the date the Claim was filed. Thus, since Appellant filed the Claim on October 28, 2016, Appellant was required to serve Weitsman Realty with written notice of the claim by November 28, 2016. The trial court found that Appellant did not serve Weitsman Realty with notice of the Claim until January 7, 2017; thus, the trial court held, Appellant's complaint to obtain judgment on the Claim must be stricken, as the pleading failed to conform to the Mechanics' Lien Law. ***See*** Trial Court Order, 6/27/17, at 1-4.

On appeal, Appellant first argues that the trial court erred because Weitsman Realty's "refusal to accept service on November 15, 2016 constituted valid service under Pennsylvania law." Appellant's Brief at 15. This claim fails.

Appellant's first claim on appeal arises out of the fact that, on November 15, 2016, Sheriff Sigler attempted to serve notice of the Claim upon Weitsman Realty by handing the notice to an individual named Ron Saley, at Weitsman Realty's 526 South Jefferson Street property. *See* Appellant's Answer to Preliminary Objections, 3/23/17, at ¶ 4; Appellant's Brief at 15. However, Mr. Saley told Sheriff Sigler that Weitsman Realty was "not known" at the address. Appellant's Brief at 15. Therefore, Sheriff Sigler did not serve the notice upon Mr. Saley and Sheriff Sigler later swore an affidavit, declaring that she returned the notice "not found." Sheriff's Affidavit of Failure to Serve Notice, dated 11/15/16, at 1.

According to Appellant, Weitsman Realty actually did own 526 South Jefferson Street. *See* Appellant's Brief at 15. Appellant contends that Mr. Saley's declaration to Sheriff Sigler was false and that it amounted to an attempt to evade service on behalf of Weitsman Realty. *Id.* Appellant further contends that Mr. Saley's "refusal to accept service [cannot] invalidate [Sheriff Sigler's] otherwise effective service of process." *Id.*, citing *Commonwealth ex rel. McKinney v. McKinney*, 381 A.2d 453 (Pa. 1977) ("[s]ervice cannot be negated by refusing to accept papers, and whether the refusal is by the defendant or a representative is immaterial"). Therefore, according to Appellant, Weitsman Realty was constructively served with notice of the Claim on November 15, 2016, and Appellant's service was thus proper and timely under Section 1502(a)(2). Appellant's Brief at 15-17.

This claim immediately fails because, even if the Mechanics' Lien Law permitted the type of constructive service Appellant advocates, Appellant did not file "an affidavit of service of notice, or the acceptance of service" within 20 days of November 15, 2016. ***See*** 49 P.S. § 1502(a)(2). To be sure, Sheriff Sigler executed an affidavit on November 15, 2016, which declared that she **did not** serve the notice of the Claim upon Weitsman Realty and that she was returning the Claim "not found." Sheriff's Affidavit of Failure to Serve Notice, dated 11/15/16, at 1. Therefore, even if the Mechanics' Lien Law allowed for the type of constructive service Appellant requests, Appellant still failed to strictly comply with the service requirements of Section 1502, as Appellant failed to file "[a]n affidavit of service of notice, or the acceptance of service, . . . within twenty (20) days after service setting forth the date and manner of service." 49 P.S. § 1502(a)(2). As such, Appellant cannot obtain relief on its claim. ***See Commonwealth v. Cassidy***, 462 A.2d 270, 272 (Pa. Super. 1983) (holding that the Superior Court "will affirm the trial court's decision if the result is correct on any ground, without regard to the grounds on which the trial court relied").

Appellant's claim also fails because there is no evidence that Weitsman Realty "refused" the service. First, Sheriff Sigler's affidavit declares that the notice of the Claim was returned "not found;" the affidavit **does not** declare that service was "refused." Sheriff's Affidavit of Failure to Serve Notice, dated 11/15/16, at 1. Second, no evidentiary hearing occurred in this case and, therefore, there is no evidence as to whether Mr. Saley is an employee

of Weitsman Realty or as to why Mr. Saley told Sheriff Sigler Weitsman Realty was "not known" at 526 South Jefferson Street. On appeal, Appellant does not argue that the trial court erred when it failed to hold an evidentiary hearing on the preliminary objections or that the trial court erred in sustaining the preliminary objections without holding such a hearing. *See* Appellant's Brief at 9; *see also Holt Hauling & Warehousing Sys., Inc. v. Aronow Roofing Co.*, 454 A.2d 1131, 1133 (Pa. Super. 1983) ("[i]f an issue of fact is raised by the preliminary objections, the court shall take evidence by depositions or otherwise. In such a situation the court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions or an evidentiary hearing") (internal quotations and citations omitted). Rather, Appellant simply claims that we should assume that Mr. Saley's declaration to Sheriff Sigler constituted an intentional "refusal" to accept service on behalf of Weitsman Realty. *See* Appellant's Brief at 15-17; *see also Kucher v. Fisher*, 167 F.R.D. 397, 398 (E.D.Pa. 1996) (holding that, under the Pennsylvania Rules of Civil Procedure, a "refusal" to accept service requires an "intentional" act). We cannot make these assumptions. As such, Appellant's claim fails for this second, independent reason.

Finally, we note that the plain language of the Mechanics' Lien Law permits constructive service "by posting upon a conspicuous public part of the improvement." 49 P.S. § 1502(c). In this case, after Sheriff Sigler

averred that she was returning the notice "not found," Appellant was specifically permitted to effect service "by posting upon a conspicuous public part of the improvement." Appellant simply failed to avail itself of this remedy.

For Appellant's second claim on appeal, Appellant contends that the trial court erred in sustaining Weitsman Realty's preliminary objections because Appellant "substantially complied" with the service requirements of the Mechanics' Lien Law. Appellant's Brief at 17. The claim is meritless.

As this Court held in **_Regency Investments_**:

> **Service requirements under Pennsylvania's Mechanics' Lien law are strictly construed such that a complaint will be stricken if the statutory service requirements are not met**; the doctrine of substantial compliance refers only to the "form" of the notice. . . . [W]hen we speak of the "form" of the notice of claim, we are talking about the statements contained in the notice, not service of the notice.

**_Regency Invs., Inc._**, 855 A.2d at 77 and 77 n.1 (emphasis added).

Thus, contrary to Appellant's claim on appeal, this Court specifically held in **_Regency Investments_** that the service requirements under the Mechanics' Lien Law are **not** subject to the doctrine of substantial compliance – and that they must be strictly construed. Appellant's claim to the contrary is thus meritless, as it is in direct contravention of our binding precedent.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2018