J-A12024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOHN P. HALLIDAY TRUCKING, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| IPT ALLENTOWN DC, LLC AND BLUE | : | |
| ROCK CONSTRUCTION, INC. | : | |
| | : | |
| | : | No. 2437 EDA 2023 |

Appeal from the Order Entered August 21, 2023
In the Court of Common Pleas of Lehigh County
Civil Division at No(s):  2021-M-0057

BEFORE:   PANELLA, P.J.E., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED JULY 23, 2024**

Appellant, John P. Halliday Trucking, Inc., appeals from the order entered in the Lehigh County Court of Common Pleas, which sustained the preliminary objections of Appellees, IPT Allentown DC, LLC, and Blue Rock Construction, Inc., and dismissed Appellant's mechanics' lien complaint.  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On December 15, 2021, [Appellant] filed a Mechanics' Lien Claim against [Appellee, IPT Allentown DC, LLC, ("Appellee IPT")] pursuant to the Mechanics' Lien Law of 1963, 49 P.S. §§ 1101-1902 ("Mechanics' Lien Law").  [Appellant] alleges that [Appellee IPT] is the owner of various parcels of land located in South Whitehall and Upper Macungie Townships

_____

[*] Former Justice specially assigned to the Superior Court.

("subject property"); that [Appellant] entered into an oral contract with Dobrinski Brothers, Inc. ("Dobrinski"), whereby [Appellant] would haul materials from a construction project on the subject property; and that $1,186,307.50 is due and owning from Dobrinski to [Appellant] for the hauling work performed under the oral contract.

[Appellant] and [Appellee,] Blue Rock Construction, Inc., ("[Appellee] Blue Rock") entered into a Joint Stipulation dated January 25, 2022. The Joint Stipulation provides that [Appellee] Blue Rock is the General Contractor on behalf of [Appellee] IPT, that [Appellee] Blue Rock would intervene in the within action and enter a bond for twice the amount of the mechanics' lien ($2,372,615.00), and that Ohio Casualty Insurance Company ("Ohio Casualty") would act as surety in the bond. The Joint Stipulation was approved and entered as an order of court on January 26, 2022.

On March 27, 2023, [Appellant] filed a Complaint to Obtain Judgment on Statement of Mechanics' Lien Claim ("Complaint"). Premised on the allegation that the mechanics' lien remains unsatisfied despite [Appellant's] performance of all conditions precedent, [Appellant] requests that judgment in the amount of $1,186,307.50 be entered against the bond posted by [Appellee] Blue Rock. On April 28, 2023, [Appellees] IPT, Blue Rock, and Ohio Casualty filed Preliminary Objections to the Complaint.

There are four separate preliminary objections. [Relevant to this appeal, f]irst, preliminary objections in the nature of a demurrer to the claim for enforcement, asserting that…because [Appellant] did not properly serve the mechanics' lien claim and did not file an affidavit of service, the mechanics' lien was not perfected and is therefore invalid. …

The preliminary objections were fully briefed and the [trial c]ourt heard oral argument from counsel on August 2, 2023.

(Trial Court Opinion, filed 8/21/23, at 1-3). On August 21, 2023, the trial

sustained Appellees' preliminary objections based on Appellant's failure to

perfect the mechanics' lien by failing to file the requisite affidavit of service. Therefore, the court dismissed Appellant's complaint. Appellant filed a timely notice of appeal on September 19, 2023.[1]

Appellant raises the following issue on appeal:

> Whether the trial court erred as a matter of law, and thereby abused its discretion in sustaining the demurrer and dismissing [Appellant's] complaint to obtain judgment on statement of mechanics' lien claim as well as striking [Appellant's] mechanics' lien by ruling that [Appellant] failed to state a cognizable claim for relief due to [Appellant's] failure to perfect its mechanics' lien claim?

(Appellant's Brief at 4) (unnecessary capitalization omitted).

Appellant argues that the trial court erred when it sustained Appellees' preliminary objections and dismissed its complaint. Specifically, Appellant contends that the trial court failed to consider its substantial compliance in perfecting its claim. Appellant insists that all Appellees were on notice of Appellant's mechanics lien claim despite the procedural error in not filing an affidavit of service within twenty days after service. Appellant claims that the Pennsylvania Rules of Civil Procedure provide for the rules to be "liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." (*Id.* at 13) (quoting Pa.R.C.P. 126). Appellant argues that because Appellees had actual notice of

---

[1] The trial court did not order Appellant to file a concise statement of matters complained of on appeal per Pa.R.A.P. 1925(b).

the mechanics' lien claim, the trial court improperly sustained the preliminary objections and dismissed Appellant's complaint. We disagree.

"[O]ur standard of review of an order of the trial court overruling or [sustaining] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." **Schell v. Murphy**, 153 A.3d 379, 381 (Pa.Super. 2016) (quoting **Richmond v. McHale**, 35 A.3d 779, 783 (Pa.Super. 2012)).

> Mechanics' liens were unknown at common law and are entirely a creature of statute. Such liens are designed to protect persons who, before being paid (or fully paid), provide labor or material to improve a piece of property. **See generally Matternas v. Stehman**, [642 A.2d 1120, 1124 (Pa.Super. 1994)] ("The Mechanics' Lien Law of 1963 was intended to protect the prepayment [of] labor and materials that a contractor invests in another's property"). Mechanics' liens accomplish this goal by giving lienholders security for their payment independent of contractual remedies.

**Bricklayers of W. Pennsylvania Combined Funds, Inc. v. Scott's Dev. Co.**, 625 Pa. 26, 39, 90 A.3d 682, 690 (2014) (some citations omitted).

Section 1502 of the Mechanics' Lien Law sets forth the requirements for filing a mechanics' lien claim and provides, in pertinent part:

**§ 1502. Filing and notice of filing of claim**

**(a) Perfection of Lien.** To perfect a lien, every claimant must:

(1) file a claim with the prothonotary as provided by this act within six (6) months after the completion of his work; and

- 4 -

(2) serve written notice of such filing upon the owner within one (1) month after filing, giving the court, term and number and date of filing of the claim.  An affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service.  Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim.

49 P.S. § 1502(a).

This Court has explained that "[s]ervice requirements under Pennsylvania's Mechanics' Lien law are strictly construed such that a complaint will be stricken if the statutory service requirements are not met; the doctrine of substantial compliance refers only to the 'form' of the notice." ***Regency Invs., Inc. v. Inlander Ltd.***, 855 A.2d 75, 77 (Pa.Super. 2004), *appeal denied*, 581 Pa. 679, 863 A.2d 1148 (2004).  The 'form' of notice refers to "the statements contained in the notice, not service of the notice." ***Id.*** at 77 n.1.  Significantly:

> The Mechanics' Lien statute provides an expeditious method to obtain a lien at very little cost to the claimant.  Therefore, it is the claimant's principal responsibility to ensure timely service of the claim.  If a Mechanics' Lien claim is not timely perfected, however, the claimant still has an adequate remedy in a suit for monetary damages arising out of a breach of contract.  The advantage of a Mechanics' Lien is that the lien takes effect sooner and assumes priority over other liens.  By contrast, a judgment lien takes effect and priority on the date of entry of judgment.  Thus, a claimant who desires a Mechanics' Lien must be vigilant in adhering to the service requirements in the statute.

***Id.*** at 80.

Instantly, it is undisputed that Appellant failed to file an affidavit of

service in accordance with Section 1502 of the Mechanics' Lien Law. *See* 49 P.S. § 1502(a). Contrary to Appellant's assertion, Appellant's alleged substantial compliance with the Mechanics' Lien Law is insufficient because the defect here was not to the form of the notice, but Appellant's failure to file the requisite affidavit of service. *See Regency, supra*. On this basis, we agree with the trial court that Appellant failed to comply with the service requirements under Pennsylvania's Mechanics' Lien Law, which are strictly construed. *See id.* Therefore, the trial court did not err in sustaining Appellees' preliminary objections and dismissing Appellant's complaint. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/23/2024