J-A33038-16

2016 PA Super 302

| | | |
|---|---|---|
| SAMUEL SCHELL, TRADING AND | : | IN THE SUPERIOR COURT OF |
| DOING BUSINESS AS QUALI-TE-LAWN | : | PENNSYLVANIA |
| CARE SERVICES, | : | |
| POST OFFICE BOX 384 | : | |
| CHAMPION, PENNSYLVANIA 15622, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD V. MURPHY, | : | |
| 198 CENTERVILLE ROAD | : | |
| BEDFORD, PENNSYLVANIA 15522, | : | |
| | : | |
| Appellee | : | No. 682 WDA 2016 |

Appeal from the Order Entered April 11, 2016,
in the Court of Common Pleas of Bedford County,
Civil Division at No(s): No. 50002 Mechanics 2016

BEFORE:    LAZARUS, SOLANO, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:                **FILED DECEMBER 23, 2016**

Samuel Schell, trading and doing business as Quali-Te-Lawn Care Services (Schell), appeals from the order entered April 11, 2016, which granted preliminary objections filed by Richard V. Murphy (Murphy) in this mechanics' lien action, and dismissed Schell's complaint. Upon review, we reverse the order of the trial court and remand for proceedings consistent with this opinion.

On January 15, 2016, Schell, through counsel, filed a mechanics' lien claim against Murphy, who was the title owner of residential property located in Bedford, Pennsylvania. Schell averred that on July 31, 2015, he was contracted by Murphy and his wife, Phyllis Murphy (Wife), "to install

_____
*Retired Senior Judge assigned to the Superior Court.

underground drainage lines and a sewage line to, from and about the residence, to erect and construct a stone masonry retaining wall, steps and walkways to and from the residence, and regrade the driveway serving the residence." Mechanics' Lien Claim, 1/15/2016, at ¶ 3. Schell began performing work pursuant to the contract on August 18, 2015, and was "told … to leave the premises" on November 20, 2015. *Id*. at ¶ 6. According to Schell, at the time he was "directed to leave the premises, substantially all of the [i]mprovements were complete." *Id*. at ¶ 7. Thus, Schell filed a claim for a mechanics' lien in the amount of $17,484.23 plus interest and costs.

On January 28, 2016, Murphy filed preliminary objections to the mechanics' lien claim. Specifically, Murphy argued that the mechanics' lien claim "must be dismissed for failure to join an indispensable party, to wit, [Wife], thus depriving the [trial court] of subject matter jurisdiction." Preliminary Objections to Mechanics' Lien Claim, 1/28/2016, at ¶ 3. According to Murphy, because Wife was a party to the underlying contract, but not an owner of the property, Schell cannot file a mechanics' lien claim against the property because Wife cannot be joined.[1]

By order of court dated April 8, 2016, and entered on the docket on April 11, 2016, the trial court concluded that Wife "is an indispensable party under Pa.R.C.P. 1032, and inasmuch as [Schell] is, by law, unable to join

---

[1] Murphy also argued that the contract was invalid for failure to comply with the Home Improvement Consumer Protection Act (HICPA), 73 P.S. §§ 517.1-517.18.

- 2 -

[Wife] in a mechanics' lien claim, [Murphy's] preliminary objections are granted." Order, 4/11/2016, at ¶ 1. Thus, the trial court dismissed the complaint. Schell timely filed a notice of appeal. Both Schell and the trial court complied with Pa.R.A.P. 1925.

Schell presents one question for our review. "Did the [trial] court commit an error of law in sustaining [Murphy's] preliminary objections to [Schell's mechanics'] lien claim, filed against [Murphy] as the sole record title owner, on the grounds that a non-owner spouse, listed as a party in the home improvement contract, was an indispensable party to the [mechanics'] lien?" Schell's Brief at 4 (unnecessary capitalization omitted).

"[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." ***Richmond v. McHale***, 35 A.3d 779, 783 (Pa. Super. 2012).

We provide the following background on the nature of mechanics' liens.

> Mechanics' liens were unknown at common law and are entirely a creature of statute. Such liens are designed to protect persons who, before being paid (or fully paid), provide labor or material to improve a piece of property. ***See generally Matternas v. Stehman***, [] 642 A.2d 1120, 1124 ([Pa. Super.] 1994) ("The Mechanics' Lien Law of 1963 was intended to protect the prepayment [of] labor and materials that a

contractor invests in another's property[.]"). **Mechanics' liens accomplish this goal by giving lienholders security for their payment independent of contractual remedies.**

***Bricklayers of W. Pennsylvania Combined Funds, Inc. v. Scott's Dev. Co.***, 90 A.3d 682, 690 (Pa. 2014) (some citations omitted; emphasis added). In addition, "[t]he right to a mechanic[s'] lien is purely a creature of statute and it is only available if the conditions of the legislature are strictly followed. Where the words of the statute are clear, the courts should not be requested to go beyond the requirements of the act." ***Brann & Stuart Co. v. Consol. Sun Ray, Inc.***, 253 A.2d 105, 106 (Pa. 1969).

The statute governing mechanics' liens provides that the lien must include the following, in relevant part.

(1) the name of the party claimant, and whether he files as contractor or subcontractor;

(2) **the name and address of the owner or reputed owner**;

(3) the date of completion of the claimant's work;

\*\*\*

(5) if filed by a contractor under a contract or contracts for an agreed sum, an identification of the contract and a general statement of the kind and character of the labor or materials furnished;

\*\*\*

(7) the amount or sum claimed to be due; and

(8) such description of the improvement and of the property claimed to be subject to the lien as may be reasonably necessary to identify them.

49 P.S. § 1503(a) (emphasis added).

Instantly, the trial court held that, despite the clear language of the statute requiring only that the mechanics' lien name the owner of the property, Wife was an indispensable party in this mechanics' lien action. The trial court offered the following.

> [Wife] absolutely has a right and interest in [Schell's] claim. Moreover, [Wife's] interest is vital in nature and is undoubtedly essential to a full and fair resolution of [Schell's] claim. And, we think it obvious that resolution to [Schell's] claim could not be afforded without violating the due process rights of [Wife]. For example, should litigation continue in her absence, and there be a legal determination that the contract was breached, [Wife's] right to defend - or bring a counter claim - would conceivably [be] lost forever, without her ever being given legal notice or an opportunity to participate. We therefore believe [Wife] is clearly an indispensable party to [Schell's] claim.

Trial Court Opinion, 7/21/2016, at 2-3.

Here, the trial court clearly conflates the rights and remedies available in a mechanics' lien claim and the rights and remedies available in an action on the contract itself. This Court has held that "[a] mechanics' lien is not the basis for recovery of unliquidated damages for breach of contract, and a mechanics' lien proceeding is not intended to settle the contractual obligations of the parties. A [m]echanics' [l]ien action is distinct from a breach of contract action." ***Wyatt Inc. v. Citizens Bank of Pennsylvania***,

976 A.2d 557, 570 (Pa. Super. 2009) (internal citations and quotation marks omitted).

Based on the foregoing, it is evident the trial court's rationale for concluding that Wife is an indispensable party to this mechanics' lien claim was in error. The statute does not require that the mechanics' lien claimant name all parties to the contract to satisfy the requirements set forth in the mechanics' lien statute; it requires only that the claimant name the owner or reputed owner of the property. Here, there is no dispute that Murphy is the only owner of the property. Thus, Wife cannot be an indispensable party in this mechanics' lien claim.[2] To hold otherwise would make it impossible for a claimant to file a mechanics' lien claim on a property where he or she entered into a contract with anyone other than, or in addition to, the owner of the property. That clearly was not the intention of the legislature in promulgating the Mechanics' Lien Law. Accordingly, we reverse the order of the trial court granting Murphy's preliminary objection for failure to join an indispensable party and remand for proceedings consistent with this opinion.

Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

[2] There is no obstacle to Schell and Wife filing a breach of contract action.

J-A33038-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/23/2016