J-S62015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AMERICO CONSTRUCTION COMPANY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FOUR TEN, LLC AND FORD | : | No. 596 WDA 2019 |
| INVESTMENT GROUP | : | |

Appeal from the Order Entered March 26, 2019
In the Court of Common Pleas of Washington County
Civil Division at No(s):  2018-2992

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:             **FILED FEBRUARY 14, 2020**

Americo Construction Company ("Americo") appeals the March 26, 2019 order[1] sustaining the preliminary objections of Four Ten, LLC, ("Four Ten") and Ford Investment Group in the Court of Common Pleas of Washington County. The trial court found that Americo failed to comply with the service requirements set forth in section 1502(c) of the Mechanics' Lien Law of 1963 ("Mechanics' Lien Law" or "Law"). **See** 49 P.S. §§ 1101-1902. After review, we affirm.[2]

---

[1] The order was signed and filed on March 25, 2019. However, the docket indicates that notice of entry of the order was sent on March 26, 2019. **See** Pa.R.A.P. 108(b).

[2] Americo does not challenge the trial court's sustaining of preliminary objections as to Ford Investment Group. **See** Appellant's Brief, at 8, ¶ 24.

Americo alleges that it is owed approximately $26,000 from work that it contractually performed on a building owned by Four Ten, a Pennsylvania company. After nonpayment, Americo sought a mechanics' lien on that building. Americo timely filed its mechanics' lien claim on June 21, 2018.

Thereafter, on June 26, 2018, Americo directed the Washington County Sheriff's Office to personally serve Four Ten. In the event personal service proved to be unsuccessful, Americo instructed the Sheriff's Office to post the property by July 21, 2018, within the required thirty-days under the Mechanics' Lien Law.

As reflected on the docket for this case, the Sheriff's Office was unsuccessful in personally serving anyone affiliated with Four Ten. The Sheriff's Office attempted service on July 11, 2018, and the return of that attempt was filed to the docket on July 17, 2018. The filing did not mention whether posting of the property had been effected.

Several weeks later, Americo received the Sheriff's return by mail on August 8, 2018. Although the mailed return also stated that service was unable to be made on that July attempt, it, too, did not mention any posting of the property.

Upon receiving this return and after further consultation Americo

---

Therefore, this memorandum only focuses whether service was properly effectuated on Four Ten.

consulted with the Sheriff, who subsequently posted notice on the property on August 15, 2018. On September 5, 2018, Americo filed an affidavit of service, which set forth the date and manner of service.

Four Ten filed preliminary objections contending that Americo ran afoul of the thirty-day service requirement contained in the Mechanics' Lien Law. In strictly construing that Law, the trial court, while acknowledging that the Sheriff "neglected to post the property as requested," Trial Court Opinion, filed 3/25/19, at 3, sustained Four Ten's preliminary objections and dismissed Americo's claim with prejudice. After the trial court denied Americo's motion for reconsideration, Americo filed a timely notice of appeal.

Americo presents one question for our review:

> 1) Did the trial court commit an error of law when it determined that late service of a notice of filing of a mechanics' lien cannot be relieved due to a breakdown in the judicial system?

**See** Appellant's Brief, at 2.

Our review of an order sustaining preliminary objections employs the following considerations:

> [t]his Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of [a mechanics' lien] claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

**Regency Investments, Inc. v. Inlander Ltd.**, 855 A.2d 75, 77 (Pa. Super. 2004) (internal quotation marks and citation omitted).

"Mechanics' liens were unknown at common law and are entirely a

creature of statute." **Schell v. Murphy**, 153 A.3d 379, 381 (Pa. Super. 2016) (citation omitted). Accordingly, mechanics' liens are "only available if the conditions of the legislature are strictly followed. Where the words of the statute are clear, the courts should not be requested to go beyond the requirements of the act." **Id**. (citation omitted). In other words, our "interpretation [of the Mechanics' Lien Law] shall be resolved in favor of strict, narrow construction." **Wyatt Inc. v. Citizens Bank of Pennsylvania**, 976 A.2d 557, 564 (Pa. Super. 2009) (citation omitted).

Section 1502 of the Mechanics' Lien Law provides the process to perfect such a lien. Stated succinctly, to generate a valid mechanics' lien, a claimant must: 1) file its claim within six months of the date it completed its work; 2) serve the owner with written notice of the claim within one month after it filed its claim either in person or, if personal service is unsuccessful, by posting the property; and 3) file either an affidavit of service of notice or the acceptance of service within twenty days after service. **See** 49 P.S. § 1502.

The statute directs that service must, in the first instance, be completed in the same manner as a writ of summons in assumpsit. **See** 49 P.S. § 1502(c). We have interpreted this directive as being procedurally the same as the initiation of a civil action. **See Clemleddy Construction, Inc. v. Yorston**, 810 A.2d 693, 697 (Pa. Super. 2002). Therefore, under Pennsylvania Rule of Civil Procedure 400(a), other than a few exceptions that are not relevant here, notice of the filing of a claim in a mechanics' lien case

must be served by a sheriff. ***See id***.

In the instant case, both parties agree that, at first, a sheriff needed to attempt personal service on Four Ten. ***See*** Appellant's Brief, at 11; Appellee's Brief, at 6. Nevertheless, the two parties diverge from one another on the rigidity of the Mechanics' Lien Law's service requirements. Specifically, Americo and Four Ten contest whether a mechanics' lien claimant is required to personally post the property if the sheriff fails to do so in a timely manner and notification of that failure comes outside of the Law's thirty-day period for service.

Initially, we note that a mechanics' lien claim is a statutory protection afforded to those who supply labor or materials to improve property. ***See Schell***, 153 A.3d at 381. "Mechanics' liens accomplish this goal by giving lienholders security for their payment independent of contractual remedies." ***Id.***

"The Mechanics' Lien statute provides an expeditious method to obtain a lien at very little cost to the claimant." ***Regency Investments***, 855 A.2d at 80. Consequently, a court striking off a mechanics' lien does not entirely deprive the claimant of a remedy at law; the claimant may still file suit seeking monetary damages for breach of contract. ***See id.***

In exchange for an expedited lien, the act requires claimants to be vigilant in effecting service within the statutory timeframe. "It is the claimant's principal responsibility to ensure timely service of the claim." ***Id***. Strict

compliance with the service and notice provisions is mandated because owners, purchasers, and other lien creditors should have a date by which they can be assured that no mechanics' lien can be filed. *See Clemleddy*, 810 A.2d at 697. As a result, a claimant can only invoke the doctrine of substantial compliance regarding issues with the form of notice. When the timeliness of service is at issue, strict compliance is enforced. *See Regency*, 855 A.2d at 80.

Here, Americo contends that it did everything it was required to do to serve Four Ten in a timely manner. We agree that Americo had the statutory right to instruct the sheriff to post the property. *See*, *e.g.*, *Clemleddy*, 810 A.2d at 698; *Regency*, 855 A.2d at 80. Moreover, Americo did everything it was required to do effect service under the statute and our case law. Indeed, we would find that Americo did everything it reasonably could do to ensure timely service.

Nevertheless, it remains undisputed that Americo did not timely serve Four Ten under the Law despite all of Americo's efforts. We cannot ignore the unanimous authorities providing that the Mechanics' Lien Law must be strictly construed. Further, our authorities are unanimous in holding that a claimant cannot substantially comply with the timeliness requirements: either service was timely or it was not.

To reiterate the timeline illuminated above, Americo filed its lien claim on June 21, 2018. On June 26, 2018, Americo mailed notice of the claim's

filing to Washington County's Sheriff's Office, directing that Office to personally serve Four Ten by July 21, 2018, which was thirty days after the claim's filing. That same document requested the Sheriff's Office to post the property in the event that personal service failed. The Sheriff's Office attempted personal service on July 11, 2018, and filed to the docket evidence of the same on July 17, 2018. The Sheriff's Office did not post the property.

Americo received the Sheriff's return on August 8, 2018, but that return contained no indicia whether the Sheriff had posted the property. Eventually, the Sheriff posted the property on August 15, 2018, and correspondingly, the Sheriff's Office filed its return of service on August 17, 2018.

We are constrained to conclude that since service was not timely made on Four Ten, Americo is not entitled to the enhanced benefits of the Mechanics' Lien Law. Strict compliance with the time limits in the act serve the purpose of providing a date certain for owners and third parties to be assured of the absence of such claims. Americo still retains a possible remedy at law, but in the absence of timely service, Americo's mechanics' lien claim was properly stricken.

Accordingly, we affirm the trial court's order sustaining Four Ten's preliminary objections.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/14/2020</u>